**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61206-RKA – Altman**

ANUEL ST. CLAIR, individually and on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

**USHEALTH ADVISORS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Defendant, USHEALTH Advisors, LLC ("USHA"), files its Answer and Affirmative Defenses in response to the Plaintiff Anuel St. Clair's ("Plaintiff") Amended Class Action Complaint ("Complaint").

**ANSWER**

1. With respect to Paragraph 1 of the Complaint, USHA admits that Plaintiff brings this action to secure redress for alleged violations of the Telephone Consumer Protection Act ("TCPA"), and denies any wrongdoing or that Plaintiff is entitled to any such redress or relief.

2. With respect to Paragraph 2 of the Complaint, USHA admits that this lawsuit is a putative class action, and USHA denies that it violated the TCPA.

3. USHA denies the allegations contained in Paragraph 3 of the Complaint.

4. USHA denies the allegations contained in Paragraph 4 of the Complaint.

5. USHA denies the allegations contained in Paragraph 5 of the Complaint.

6. USHA denies the allegations contained in Paragraph 6 of the Complaint.

7. USHA denies the allegations contained in Paragraph 7 of the Complaint.

8. USHA denies that Plaintiff is entitled to any relief, and denies the allegations contained in Paragraph 8 of the Complaint.

9. USHA denies the allegations contained in Paragraph 9 of the Complaint.

10. USHA denies the allegations contained in Paragraph 10 of the Complaint.

11. USHA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint, therefore denied.

12. USHA admits that it is a Texas limited liability company with its principal place of business at 300 Burnett Street, Suite 200, Fort Worth, Texas 76102, and denies the remainder of the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 9 of the Complaint

14. Paragraph 14 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in

Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required, USHA denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 26 of the Complaint.

27. USHA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint, therefore denied.

28. USHA denies the allegations contained in Paragraph 28 of the Complaint.

29. USHA denies the allegations contained in Paragraph 29 of the Complaint.

30. USHA denies the allegations contained in Paragraph 30 of the Complaint.

31. USHA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint, therefore denied.

32. USHA denies the allegations contained in Paragraph 32 of the Complaint.

33. USHA denies the allegations contained in Paragraph 33 of the Complaint.

34. USHA denies the allegations contained in Paragraph 34 of the Complaint.

35. USHA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint, therefore denied.

36. USHA denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint, therefore denied.

37. USHA denies the allegations contained in Paragraph 37 of the Complaint.

38. USHA denies the allegations contained in Paragraph 38 of the Complaint.

39. USHA denies the allegations contained in Paragraph 39 of the Complaint.

40. USHA denies the allegations contained in Paragraph 40 of the Complaint.

41. USHA admits that Plaintiff purports to bring this case as a class action but denies that any class can or should be certified and denies that Plaintiff or any class members are entitled to such relief.

42. USHA admits that Plaintiff purports to bring this case on behalf of the classes defined in Paragraph 42 of the Complaint but denies that any classes can or should be certified and denies that Plaintiff or any class members are entitled to such relief.

43. Paragraph 43 of the Complaint requires no response, but to the extent a response is required, USHA denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. USHA denies the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint, and the subparts therein, states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 46 of the Complaint, and all of its subparts.

47. Paragraph 47 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint states a legal conclusion to which a response is not

required. To the extent a response is required, USHA denies the allegations contained in Paragraph 49 of the Complaint.

50. USHA denies the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 51 of the Complaint.

52. USHA denies the allegations contained in Paragraph 52 of the Complaint.

**COUNT I**

53. USHA re-alleges and incorporates the foregoing paragraphs as if fully set forth herein.

54. Paragraph 54 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 54 of the Complaint.

55. USHA denies the allegations contained in Paragraph 55 of the Complaint.

56. USHA denies the allegations contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 57 of the Complaint.

58. USHA denies the allegations contained in Paragraph 58 of the Complaint.

59. USHA denies the allegations contained in Paragraph 59 of the Complaint.

60. USHA denies the allegations contained in Paragraph 60 of the Complaint.

**COUNT II**

61. USHA re-alleges and incorporates Paragraphs 1-52 as if fully set forth herein.

62. USHA denies the allegations contained in Paragraph 62 of the Complaint.

63. USHA denies the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 64 of the Complaint.

65. USHA denies the allegations contained in Paragraph 65 of the Complaint.

**COUNT II**

66. USHA re-alleges and incorporates Paragraphs 1-52 as if fully set forth herein.

67. Paragraph 67 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, USHA denies the allegations contained in Paragraph 70 of the Complaint.

71. USHA denies the allegations contained in Paragraph 71 of the Complaint.

72. USHA denies the allegations contained in Paragraph 72 of the Complaint.

73. USHA denies the allegations contained in Paragraph 73 of the Complaint.

74. Answering the unnumbered paragraphs including Plaintiff's Prayer for Relief and its paragraphs "a." through "d.", USHA denies that Plaintiff is entitled to the relief sought.

75. USHA denies each and every allegation in the Complaint not specifically admitted herein and denies that Plaintiff is entitled to the relief requested in the Complaint.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against USHA.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil Procedure 23, in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment. The elements of Rule 23(a) and (b) cannot be met, and individualized fact issues, including but not limited to the provision and revocation of consent, will predominate over any alleged common issues. Plaintiff's proposed class definitions are overly broad, and Plaintiff cannot prove numerosity, commonality, typicality, predominance, superiority, or manageability.

### **THIRD AFFIRMATIVE DEFENSE**

Any alleged calls to Plaintiff and each putative class member were not "unwanted." Plaintiff's claims are barred by the doctrine of consent, by his and class members' prior express written consent to receive solicitations on their cellular and/or residential telephone numbers, or

prior express consent for non-solicitations, and such consent was never validly revoked.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred by the doctrines of Estoppel and Unclean Hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and putative class members' damages, if any, and none being admitted, were not caused by USHA, but by another person or entity, including Plaintiff and putative class members, for whom USHA is not responsible and over whose activities USHA exercises no control and/or has no right to control.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury separate and apart from a violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and putative class members therefore lack standing, and this Court lacks subject matter jurisdiction. In *Grigorian v. FCA US LLC*, No. 1:18-cv-24364-MGC (S.D.Fla.), the court found that voicemails like the ones alleged by Plaintiff do not confer Article III standing for TCPA claims. *Grigorian* is currently before the Eleventh Circuit Court of Appeals, on appeal from Plaintiff, to determine whether the court's determination on standing should be revered or affirmed. Case No. 19-15206-DD (11th Cir.). The Eleventh Circuit's decision in *Grigorian* may be dispositive of this case, and will provide clarification to the parties and the Court, so this case should be stayed pending that ruling.

**SEVENTH AFFIRMATIVE DEFENSE**

USHA complied with all applicable statutory, regulatory, and common law requirements

and accordingly, Plaintiff's claims are barred by USHA's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA and 47 C.F.R. § 64.1200(c)(2).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates USHA's First Amendment right to free speech. Specifically, the TCPA is an improper content-based restriction on constitutionally protected speech.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the imposition on USHA of statutory damages and/or exemplary/punitive damages under the TCPA, within the context of a class action, is violative of USHA's constitutional rights under the Due Process provisions of the United Statutes Constitution and the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

## TENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one federal district court determined that the statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf. A class action would be inconsistent with the specific and personal remedy

provided by Congress to address the minor nuisance of unsolicited facsimile advertisements. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of *In Pari Delicto*.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and the claims of putative class members are barred to the extent that Plaintiff or putative class members did not hear a prerecorded voice message.

**THIRTEENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure USHA's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227 (b), (c)(5) and 47 C.F.R. § 64.1200(c)(2)(i)-(iii). Additionally, USHA raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

USHA states that to the extent any provision of the TCPA was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported calls or recordings which took place after Plaintiff actually revoked his consent. Plaintiff does not allege that she revoked consent, and his claims and claims of putative class members are barred because they never revoked consent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

USHA asserts that Plaintiff has not alleged any plausible facts to establish that USHA has

acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct, and therefore Plaintiff is barred from recovering treble damages under the TCPA.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because their registration on the National Do-Not-Call registry are invalid as a result of holding their cellular telephone numbers out to the public as business telephone lines.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because their registration on the National Do-Not-Call registry are invalid because they did not receive telephone solicitations as defined by 47 C.F.R. 64.1200(f)(14).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff premises liability upon a special relationship between USHA and the actual entities or individuals that allegedly called Plaintiff—which Plaintiff has not alleged—Plaintiff's claims against USHA would be barred because no facts support any theory of vicarious liability against USHA for acts of third parties outside the scope of their actual or apparent authority and Plaintiff has not conferred any benefit on USHA that could be deemed a ratification of alleged acts of third parties outside the scope of authority. Plaintiff has not pleaded any theory of vicarious liability or agency, and has not put USHA on notice of any claims other than for direct liability under the TCPA.

**NINETEENTH AFFIRMATIVE DEFENSE**

Claims of the putative class members are barred by their agreements to arbitrate all of their TCPA claims against USHA, and they waived their right to bring or participate in class

action for their TCPA claims against USHA.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because they did not register their residential telephone lines on the National Do-Not-Call registry, but, instead, another individual did, and not at the direction or control of Plaintiff or putative class members.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because USHA has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because their registration on the National Do-Not-Call registry are invalid because they are not residential telephone subscribers, and their telephones are not residential telephone lines, under 47 U.S.C § 227(c) and 47 C.F.R. § 64.1200(c).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because USHA did not use an artificial or prerecorded voice as defined under the TCPA and no artificial or prerecorded voice was used to contact Plaintiff or putative class members.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's individual claims are barred because the court lacks personal jurisdiction over USHA, and the nationwide class claims are barred because this court lacks personal jurisdiction over USHA to maintain a nationwide class action that includes non-resident class members.

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because the callers obtained the subscriber's prior express invitation or permission, had an established business relationship, or had personal relationship with the Plaintiff and the putative class members.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

USHA is not liable for any violations of 47 C.F.R. § 64.1200(c) because it can demonstrate that any violation are the result of error and that as part of its routine business practice, it meets the standards articulated in 47 C.F.R. § 64.1200(c)(i).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of putative class members are barred because they cannot prove that they received prerecorded or artificial voice messages to a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

USHA cannot be liable for violating 47 U.S.C. § 227(b)(1)(A) or 47 C.F.R. (a)(1)(iii) for any calls placed to a wireless number that was ported from wireline service and such call was a voice call; not knowingly made to a wireless number; and made within 15 days of the porting of the number from wireline to wireless service.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

USHA invokes the primary jurisdiction doctrine to request that the Court stay or dismiss this case to the extent the Court is asked to interpret or rule upon questions regarding the TCPA

that are presently before the Federal Communications Commission, including but not limited to petitions for declaratory judgment related to the scope, provision, and revocation of consent, and the scope of prerecorded or artificial voice messages that fall within the TCPA.

**RESERVATION OF RIGHT TO AMEND DEFENSES**

Plaintiff has not identified any putative class members, other than herself, and unnamed putative class members are not parties to this action until a class is certified. As USHA cannot predict what other defenses might apply to unidentified, non-party putative class members, USHA reserves the right to amend this pleading and raise additional defenses that may be applicable to absent class members.

WHEREFORE, USHEALTH Advisors, LLC requests that this Court enter judgment against Plaintiff and in favor of USHA, dismiss this action with prejudice, deny Plaintiff's request for class certification, award USHA its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: August 27, 2020

Respectfully submitted,

By: */s/ Jeffrey A. Backman*

JEFFREY A. BACKMAN
Florida Bar No. 662501
Gregg I. Strock
Florida Bar No. 1010140
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
gregg.strock@gmlaw.com
lisa.webster@gmlaw.com

*Counsel for USHEALTH Advisors, LLC*