UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANUEL ST. CLAIR, individually and on behalf
of all others similarly situated,

    Plaintiff,

Case No. 20-CV-61206-RKA

**JURY TRIAL DEMANDED**

vs.

USHEALTH ADVISORS, LLC,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO QUASH DEFENDANT'S SUBPOENA TO GOOGLE AND MOTION FOR PROTECTIVE ORDER

Plaintiff Anuel St. Clair, pursuant to Fed. R. Civ. P. 26 and 45, hereby moves to quash Defendant USHealth Advisors, LLC's document subpoena to non-party Google, LLC (Plaintiff's cell phone provider) and for entry of a protective order prohibiting disclosure of the information and documents identified in the subpoena, and in support thereof states as follows:

### INTRODUCTION & BACKGROUND

Plaintiff brought this TCPA class action after Defendant sent unsolicited, pre-recorded voice mails to his cellular telephone, and the cell phones of thousands of other putative class members, in violation of the Telephone Consumer Protection Act. Defendant served a document subpoena on Google, LLC (Plaintiff's cell phone provider), identifying ten categories of documents or data for production, seeking, among other things, (i) recordings of Plaintiff's voicemails, his voicemail history, metadata, call logs, call history, invoices, payment records, receipts, and IP Addresses for two telephone numbers, from January 1, 2019 to the present; (ii) Plaintiff's GPS and/or cell site information; (iii) documents sufficient to identify if and when

Plaintiff received voicemails from certain telephone numbers, whether the voicemails were later deleted, and if so, the date of deletion; and (iv) all of Plaintiff's service agreements and account opening statements for two telephone numbers, without limitation as to time. A copy of the subpoena is attached hereto as **Exhibit A.**

Through extensive discovery competed to date, Plaintiff has already produced many of the documents, or the information underlying the documents being sought from Google, which includes, among other things, recordings of the prerecorded voicemails referenced in the complaint, Plaintiff's call logs showing the telephone number that transmitted the subject prerecorded voicemail, Plaintiff's IP Addresses, and other relevant information.

As will be shown below, all of the documents listed in the subpoena are either irrelevant, protected by Plaintiff's personal interest in the privacy of his cell phone records, or not subject to discovery pursuant to the Stored Communications Act, 18 U.S.C. § 2701 *et seq*.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 governs the scope of permissible discovery. It provides, in pertinent part, as follows:

> [U]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26. Although Rule 26 allows for broad discovery, it is not an unlimited license for a fishing expedition. *Dellacasa, LLC v. John Moriarty & Assocs. of Fla., Inc.*, 2007 U.S. Dist. LEXIS 84898, 2007 WL 4117261, at *2 (S.D. Fla. Nov. 16, 2007) (internal quotations omitted). Moreover, Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26 (b)(2)(C).

Pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26." *Woods v. On Baldwin Pond, LLC*, No. 6:13-CV-726-ORL-19DAB, 2014 U.S. Dist. LEXIS 194001, at *1 (M.D. Fla. Apr. 2, 2014).

They court may quash a subpoena if it (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

## ARGUMENT

The Court should quash the document subpoena issued to Google for several reasons. First, it is overly broad and seeks information that is irrelevant and not proportional to the needs of the case. Second, Plaintiff has a well-established personal interest in the privacy of his cell phone records, which outweighs any conceivable need by Defendant for production of the documents. Third, the Stored Communications Act, 18 U.S.C. § 2701 *et seq*, prohibits disclosure of Plaintiff's private information, electronic communications, and other electronic data managed and controlled by Google.

A.       **The Subpoena is Overly Broad and Seeks Information that is Irrelevant and Not Proportional to the Needs of the Case**

The items requested in Defendant's subpoena are irrelevant, unimportant to resolving any of the key issues, and not proportional to the needs of the case. As detailed below, the requested materials are not relevant to any material issue in this TCPA action, which would include, among other things, "whether Defendant[] violated the TCPA and whether Plaintiff gave prior express [written] consent to receive" calls from Defendant using an artificial or prerecorded voice. *See Keim v. ADF Midatlantic, LLC*, 2016 U.S. Dist. LEXIS 23739, at *2 (S.D. Fla. Feb. 22, 2016). As courts have noted when considering, and ultimately quashing or modifying, subpoenas to cellular carriers, litigants "should not have unfettered access ... to the phone numbers of all persons that [an opposing party] has called or texted over" a certain period of time. *C.H. v. School Board*, No. 3:18-cv-2128, 2020 U.S. Dist. LEXIS 210848, at *12-13 (N.D. Fla. Nov. 4, 2020); *see also Smith v. Pefanis*, 2008 U.S. Dist. LEXIS 12613, at *3 (N.D. Ga. Oct. 30, 2008) (finding the defendants "have not shown any reason that they should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena.").

Because the data and cell phone records sought in the subpoena would not tend to prove or disprove any of the claims or defenses asserted in the pleadings, the Court should quash the subpoena in its entirety. *See Keim v. ADF Midatlantic, LLC*, 2016 U.S. Dist. LEXIS 23739, 2016 WL 720967, at *2 (S.D. Fla. Feb. 22, 2016) ("[T]he Court finds that Defendants are not entitled to Plaintiff's and Ms. Worsena's entire telephone records ... because Defendants have not made a showing that they are all relevant to the issues in this case, which are whether Defendants violated the TCPA and whether Plaintiff gave prior express consent to receive text messages from Defendants. For instance, telephone records of calls or text messages between Plaintiff and his mother are irrelevant to the issues in this case."); *Al-Rayes v. Willingham*, 2016 U.S. Dist. LEXIS

193701, at *5 (M.D. Fla. June 22, 2016) ("Even assuming Defendant used these phone numbers, this subpoena is overbroad, seeks largely irrelevant information, and is not proportional to the needs of this case because it seeks to discover all activity regarding the two phone numbers, without limitation," which "would encompass a great deal of irrelevant calls, text messages, and/or data usage that is entirely unrelated to any claim or defense in this case. Thus, a protective order is appropriate.").

The decision in *C.H. v. School Board.,* No. 3:18-cv-2128, 2020 U.S. Dist. LEXIS 210848 (N.D. Fla. Nov. 4, 2020) is instructive. That case involved a motion to quash a similar subpoena to a wireless carrier, seeking production of a party's voicemails, call logs of inbound and outbound calls, text message history, data communications, information showing the authorized users on the account, customer service and account notes, billing records, and invoices, which the court ultimately quashed, finding the requested information "to be overly broad" and seeking "largely irrelevant information." *School Board,* 2020 U.S. Dist. LEXIS 210848, at *15-16.

Here, the same documents, data, and cell phone records are being sought in Defendant's subpoena to Google, and thus, the Court should, consistent with above-referenced authorities, similarly find that the subpoena is "overly broad" and seeks "largely irrelevant information," and in doing so, refuse "to grant [Defendant] permission to rifle through the private, irrelevant communications" of Plaintiff. *Id.* at *15 – 16.

**B.    Plaintiff Has a Personal Interest in the Privacy of His Cell Phone Records**

As noted above, discovery is not meant to be a fishing expedition. That consideration carries even more weight here given that Plaintiff has a personal interest in the privacy of his cell phone records, which has been validated by courts time and time again. *See Winter v. Bisso Marine Co., Inc.*, No. 13-5191, 2014 U.S. Dist. LEXIS 103281, 2014 WL 3778833, at *2 (E.D. La. July

29, 2014) (Wilkinson, M.J.) ("[Plaintiff] has standing to object to the subpoena because it implicates his personal interest in the privacy of his cell phone records.").

Moreover, the information sought by Defendant, namely, the IP Addresses associated with Plaintiff's mobile devices, call logs, and voicemail history "can be obtained through less intrusive means." *School Board,* 2020 U.S. Dist. LEXIS 210848, at \*13-14; *see also Howard v. Seadrill Americas, Inc.*, 2016 U.S. Dist. LEXIS 165799, No. CV 15-2441, 2016 WL 7012275, at \*4 (E.D. La. Dec. 1, 2016) ("[T]he Court may also limit discovery where the discovery 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'"). For example, Defendant could (and, on some issues, already has) question Plaintiff "about this information at a deposition or through written discovery." *School Board*, 2020 U.S. Dist. LEXIS 210848, at \*14 (N.D. Fla. Nov. 4, 2020).

Although Plaintiff "is not the person to whom the subpoena was served, [he] has a sufficient personal interest in the information to have standing to challenge the subpoena." *Id.* at \*13 n.2; *see also Clark v. Johnson*, No. 14-cv-582, 2015 U.S. Dist. LEXIS 103079, 2015 WL 4694045, at \*2 (N.D. Okla. Aug. 6, 2015) ("Courts have held that an individual has a personal interest sufficient to give him standing to challenge a subpoena for discovery of personal information in the custody of a third party. This includes cell phone information."); *Winter v. Bisso Marine Co., Inc.*, No. 13-5191, 2014 U.S. Dist. LEXIS 103281, at \*2 (E.D. La. July 29, 2014) ("[Plaintiff] has standing to object to the subpoena because it implicates his personal interest in the privacy of his cell phone records.").

"Numerous courts . . . have held that parties have a personal interest in their financial and telephone records sufficient to confer standing to challenge a subpoena directed to a third-party." *Mancuso v. Fla. Metro. Univ., Inc.*, No. 09-61984-CIV, 2011 U.S. Dist. LEXIS 161770, at

*1 (S.D. Fla. Jan. 28, 2011); *Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2016 U.S. Dist. LEXIS 23739, at *2 (S.D. Fla. Feb. 22, 2016) (finding party had standing to challenge subpoena to his telephone carrier).

## C. The Stored Communications Act, 18 U.S.C. § 2701, Prohibits Disclosure of Plaintiff's Private Information and Communications

The Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq*, "precludes disclosure of any content from text messages or other electronic communications related to the wireless [telephone] accounts" belonging to Plaintiff. *See* 18 U.S.C. § 2701; *see also Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237, 2020 U.S. Dist. LEXIS 218314, at *8 (M.D. Fla. Sep. 21, 2020).

The SCA generally prohibits "'providers of communication services from divulging private communications to certain entities and/or individuals." *Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 900 (9th Cir. 2008). Wireless telephone carriers, such as Google, AT&T, and Verizon, "must comply with the rules applicable to electronic communication services under the SCA and 'shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service,' unless one of the specifically enumerated exceptions in 18 U.S.C. § 2702(b) apply." *See* 18 U.S.C. § 2702(a)(1); *Albert*, 2020 U.S. Dist. LEXIS 218314, at *8 (M.D. Fla. Sep. 21, 2020) (quoting *Mintz v. Mark Bartelstein & Assocs.*, 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012)).

The relevant exceptions include: 1) disclosure of the contents of a communication "to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient"; and 2) disclosure of the contents of a communication "with the lawful consent of the originator or an addressee or intended recipient of such communication." *Id.* § 2702(b)(1) and (2).

Neither exception applies here. Plaintiff -- as the "originator," "addressee," or "intended recipient" of the subpoenaed communications -- has not provided consent for Google to disclose

his communications, and Defendant is not an "addressee or intended recipient" of the communications targeted in the subpoena. Consequently, the SCA applies under these circumstances and thus "prohibits [Google] from divulging private communications to" Defendant. *Albert*, 2020 U.S. Dist. LEXIS 218314, at *8 (M.D. Fla. Sep. 21, 2020).

Here, as in *Albert,* Plaintiff moves to quash because the subpoenas seek production of private communications that are barred from disclosure under the Stored Communications Act, the documents sought are private, confidential, and privileged, and the requests are overbroad and have no relevance to the underlying litigation. *Id.* at 4. Because the electronic materials and cellular data identified in the Google subpoena is materially identical to the documents and data that the court in *Albert* determined could not be produced, the SCA's prohibition applies equally to the subpoena in this case, by operation of law, requires a finding that "no content within any of [Plaintiff's] electronic communications may be disclosed" by Google or otherwise provided to Defendant.

To be sure that the SCA's prohibition cannot be overcome by a subpoena served in a civil proceeding, the Act specifically states that "a provider **may not disclose** the content of electronic communications **pursuant to a civil subpoena.**" *Albert*, U.S. Dist. LEXIS 218314, at *9 (emphasis added). Based on this statutory language, numerous courts have recognized that "[t]he SCA does not contain an exception for civil discovery subpoenas." *Mintz*, 885 F. Supp. 2d at 991; *Hawn v. Vitas Hospice Servs. LLC*, No. 1:19-cv-220, 2020 U.S. Dist. LEXIS 160166, at *10 (S.D. Ohio Sept. 2, 2020).

## CONCLUSION

The Court should quash, or substantially limit, Defendant's document subpoena to Google because (1) it seeks information that is irrelevant and not proportional to the needs of the case; (2)

Plaintiff has a well-established personal interest in the privacy of his cell phone records, which outweighs any conceivable need by Defendant for the information; and (3) the Stored Communications Act, 18 U.S.C. § 2701 *et seq*, prohibits disclosure of Plaintiff's private information and communications.

**WHEREFORE**, Plaintiff Anuel St. Clair respectfully requests that the Court quash, or substantially limit, the subpoena served on non-party Google, LLC by Defendant USHealth Advisors, LLC; enter a protective order prohibiting disclosure of all information, documents, and data identified in the subpoena; and grant any other relief the Court deems just and proper.

### CERTIFICATE OF ATTEMPTED GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(B), the undersigned certifies that counsel for the movant has made several efforts to confer with Defendant's counsel regarding the relief sought in the instant Motion but has been unable to do so. The reasonable efforts made were as follows: Movant's counsel first emailed one of the attorneys representing Defendant, Mr. Gregg Strock, requesting a telephone call to confer on the subpoena underlying the instant motion, and after receiving no response to the email, movant's counsel telephoned Mr. Strock on his office line to discuss the matter directly. When no one answered, movant's counsel left a voicemail requesting a call back to confer on Plaintiff's motion. After receiving no response to the prior email and voicemail, movant's counsel then called another one of the attorneys representing Defendant, Mr. Jeffrey Backman, on his direct office line, hoping he would be available to confer, but the telephone call was not answered. Movant's counsel subsequently tried contacting another one of the attorneys representing Defendant, Mr. Roy Taub, but there was no answer when movant's counsel called his direct office line. Next, movant's counsel sent an email addressed to all three of the attorneys listed above, which advised of the attempts to meet and confer on Plaintiff's motion,

detailed the specific grounds on which Plaintiff's motion was based, and requested that they promptly respond, either by telephone or email, with Defendant's position on same, so that movant could satisfy his conferral obligations under Local Rule 7.1 and file the motion with the court in an expeditious fashion. It was only after receiving no response from any of Defendant's attorneys, either to the joint email, prior telephone calls, the voice message, or individual email sent by movant's counsel, all of which represented his efforts to confer on Plaintiff's motion, ascertain whether Defendant objected in whole or in part to the motion, and, if possible, resolve the issues without judicial intervention, that the instant motion was filed with the Court.

Dated: December 11, 2020

Respectfully submitted by:

*/s/ Aaron Ahlzadeh*
Aaron M. Ahlzadeh, Esq.
aaron@edelsberglaw.com
Florida Bar No. 111329
Scott Edelsberg, Esq.
scott@edelsberglaw.com
Florida Bar No. 100537
**EDELSBERG LAW, P.A.**
20900 NE 20th Ave, Suite 417
Aventura, FL 33180
Tel: (786) 289-9471

Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
Florida Bar No. 101754
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
(t) (305) 479-2299
(f) (786) 623-0915

*Counsel for Plaintiff Anuel St. Clair*