**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61206-RKA – Altman/Hunt**

ANUEL ST. CLAIR, individually and on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S**
**MOTION TO COMPEL DISCOVERY RESPONSES**

Defendant USHEALTH Advisors, LLC ("USHA"), pursuant to Fed. R. Civ. P. 26 and 37, LR 26.1(g), and ECF 48, moves this Court for entry of an order compelling discovery responses from Plaintiff Anuel St. Clair and awarding USHA its reasonable expenses incurred in bringing this Motion, including attorneys' fees.

## FACTUAL BACKGROUND

In his First Amended Complaint, Plaintiff alleges that he received telephone calls in March and April 2020 regarding health insurance coverage from USHA. *See* ECF 20 ("FAC") at ¶ 29. Plaintiff alleges the telephone calls violated the Telephone Consumer Protection Act's, 47 U.S.C. § 227 ("TCPA") prohibition on the use of an artificial or prerecorded voice without prior express consent and the National Do-Not-Call rules ("DNC"). *See id.* at ¶¶ 57, 71-72. USHA has asserted a number of affirmative defenses, including consent.[1] Plaintiff must prove he is a "residential" telephone subscriber in order to prevail on his DNC claim, and that he did not have an established business relationship with the caller. Further, to have standing, Plaintiff—and each member of the putative class—must have suffered a concrete injury, not merely a bare procedural violation. USHA served discovery requests directed at these issues, but even after serving amended responses that addressed some, but by no means all, of the deficiencies pointed out by USHA, Plaintiff has responded with boilerplate objections that stifle USHA's ability to defend the case.

## ARGUMENT

Fed. R. Civ. P. 26(b)(1) governs the scope of discovery in civil cases, and Fed. R. Civ. P. 37(a)(3) provides that a party may move to compel discovery responses when a litigant improperly objects to discovery that is within the proper scope of discovery. "[T]he party resisting discovery . . . has the burden to demonstrate specifically how the request is unreasonable or not relevant." *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 689 (S.D. Fla. 2011). *See also* ECF 48 (requiring specific explanation for each objection).

### A. Plaintiff's Browsing History

USHA served two similar Requests for Production ("RFP") and Interrogatories ("ROG")—ROG 13 and RFP 63—seeking Plaintiff's internet browsing history for websites related to health insurance quotes. Ex. A at No. 63; Ex. B No. 13. Plaintiff admitted he provided

[1] A consent record may also prove USHA's defense that class members agreed to arbitrate their claims and/or waive their right to bring or join in a class action lawsuit.

his personal information on the internet to obtain health insurance quotes, *see* Ex. C at No. 43, thus USHA is seeking evidence that Plaintiff consented to receive the complained of communications on one of these websites. Consent is an affirmative defense in this case, and the use of websites where consent is submitted is indisputably relevant to that defense. Despite his admission, Plaintiff seeks to prevent any further investigation into the provision of his information online for purposes of obtaining health insurance. Plaintiff's objections, however, are not specific and provide no grounds for refusing the very limited requests made by USHA.

In response to RFP 63, Plaintiff objects that the term "browsing history" is "vague and ambiguous." Ex. A at No. 63. Notably, Plaintiff did not make an objection to the same term in response to ROG 13. Moreover, nowhere does Plaintiff "explain the specific and particular way in which a request is vague" or ambiguous, nor did his counsel attempt to obtain clarification prior to objecting on this ground, as required. ECF 48, p. 2. Plaintiff also objects that the RFP lacks any "time or scope," but the RFPs clearly provided a time period from June 23, 2016 through the date of Plaintiff's responses. Ex. F at p. 6. The remaining objections lack any specific explanations. Plaintiff merely states USHA does not require browsing history to determine whether USHA sent Plaintiff prerecorded phone calls or whether Plaintiff consented. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.[2] This explanation disregards the proper scope of discovery under Fed. R. Civ. P. 26, and is clearly wrong.[3]

Plaintiff's response to ROG 13 fares no better. His objection is the quintessential boilerplate objection that is routinely disregarded. *See* Ex. B at No. 13. There is no specific or sufficient explanation for any of the objections.

### B. Residential Subscriber Evidence

In order to prevail on his DNC claim, Plaintiff must establish that he is a "residential telephone subscriber." 47 U.S.C. § 227(c)(1); 47 C.F.R. § 64.1200(c)(2); *Stevens-Bratton v.*

[2] Plaintiff also alludes to the Health Insurance Portability and Accountability Act ("HIPAA") as a possible reason for his refusal to produce documents, but, to the extent a web browser history can even implicate HIPAA, the confidentiality concerns are addressed by the Protective Order agreed to the by the parties and entered by the Court. *See* ECF 30.

[3] USHA did not call Plaintiff. However, USHA has comprehensive TCPA compliance measures in place, so if anyone selling USHA insurance coverage was involved, there should be a consent record or other form of permission—like EBR. *Hirsch v. USHealth Advisors, LLC*, No. 4:18-CV-00245-P, 2020 WL 7186380, at *7-8 (N.D. Tex. Dec. 7, 2020).

*TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020). Each putative class member will need to do the same. *Hirsch*, No. 4:18-CV-00245-P, 2020 WL 7186380, at *9-10. To that end, USHA requested records identifying persons Plaintiff provided his cellular telephone number to for business purposes, (Ex. A No. 76), and copies of tax filings claiming a business deduction for payment of Plaintiff's cellular telephone service. *Id.* at No. 85).[4]

Plaintiff responded to these RFPs with boilerplate objections, including relevance, burdensomeness, and confidentiality (apparently forgetting the agreed confidentiality order), and his only explanation for these objections is that USHA does not require the requested documents to determine whether USHA "sent Plaintiff prerecorded phone calls in contravention of the [TCPA] or . . . whether Defendant has Plaintiff's proper consent." *Id.* at Nos. 76, 85. That may be so, but it ignores the proper scope of discovery and that the requested documents will assist in determining whether Plaintiff is a "residential telephone subscriber"—an element of Plaintiff's DNC claim. In fact, these documents are critical. *See Mattson v. Quicken Loans Inc.*, No. 3:18-CV-00989-YY, 2019 WL 7630856, *5 (D. Or. Nov. 7, 2019) (granting summary judgment for defendant on DNC claim where plaintiff deducted cost of cell phone as a business expense). Ironically, the fact that Plaintiff believes producing responsive documents would be so burdensome suggests that Plaintiff is regularly using his cellular telephone number for business.

**C. Evidence Related to Receipt of Telephone Calls**

Despite an Order (ECF 34) to produce objective evidence of Plaintiff's alleged missed calls, and Plaintiff's counsel's representation to the Court that such evidence was produced on December 9, 2020, Plaintiff has yet to produce any evidence of a missed call. In fact, despite Plaintiff's insistence that he heard his telephone ring for each of the alleged calls, (*see* Ex. D), the actual evidence—his telephone records—show that there was ***no missed call*** for any of the voicemails. The telephone records produced by Plaintiff generally show a missed call to correspond with each voicemail Plaintiff receives. However, there are no corresponding missed calls for the four voicemails he alleges in the FAC. Without a telephone call, Plaintiff has no claim under the TCPA. The receipt of a telephone *call*, not a phantom voicemail that exists on Plaintiff's phone, is essential to Plaintiff's *prima facie* claim, and to establishing standing. *See Grigorian v. FCA US LLC*, No. 19-15026, 2020 WL 7238392, at *2 (11th Cir. Dec. 9, 2020).

[4] USHA expressly limited RFP 85 to "only the portions of the filing(s) identifying the deduction being claimed, and individual or entity claiming the deduction."

Thus, USHA served a Request for Inspection ("RFI") to inspect Plaintiff's electronic devices to determine whether he actually received a telephone call.[5] *See* Ex. E.

Plaintiff did not object to the device inspection. In fact, he did not respond at all. He simply refused to produce devices at the scheduled time and place. When the topic came up at the December 10, 2020 status conference, Plaintiff's counsel argued the inspection was not necessary because he had provided proof of the missed calls. In truth, no such proof was provided.[6] Judge Altman acknowledged that an inspection might be necessary if and when the produced documents were insufficient, and that time has come. Plaintiff refuses to admit that he did not receive any of the alleged telephone calls, and he refuses to provide his limited browsing history related to the consent issue. An inspection of his devices is necessary to learn whether he received a call, or whether these were ringless voicemails, and whether Plaintiff consented to the complained of communications.

Additionally, the Eleventh Circuit has instructed that the location of a plaintiff when he receives a call is one factor to consider when conducting the qualitative analysis of Article III standing for TCPA claims. *Salcedo v. Hanna*, 936 F.3d 1162, 1170, 1172 (11th Cir. 2019). When an alleged telephone call or message is received outside of the home, it is less likely to create a concrete injury, and more likely to amount to a bare procedural violation. *Id.* Therefore, USHA requested documents evidencing Plaintiff's location on the dates and times of the calls alleged in the FAC. Ex. A at No. 78. Plaintiff answered with boilerplate objections, including relevance and confidentiality, without specific explanations. The relevance of documents evidencing standing, however—or a lack thereof—is elementary. And, once again, the Protective Order will protect Plaintiff's privacy interests.

**D. Incomplete and Evasive Interrogatory Responses**

Plaintiff's responses to ROG Nos. 7, 8, 10, and 11 are incomplete and evasive. For example, Plaintiff alleges that the telephone calls at issue originated from or "on behalf of" USHA. *See* FAC ¶¶ 28, 30, 42, 72. In other words, Plaintiff has attempted to allege a theory of

---

[5] The inspections are also critical to USHA's consent defense by determining what health insurance websites Plaintiff went to and when.

[6] It should also be noted that although Plaintiff's counsel told Judge Altman proof of the missed calls in the form of a "call log" had been produced on December 9, 2020, but the documents Plaintiff's counsel directed undersigned counsel to upon request were not produced until December 11, 2020.

vicarious liability against USHA. Thus, USHA asked Plaintiff to describe "the factual basis for your contention of the existence of an agency relationship between USHA" and the caller(s). Ex. B at No. 7. Plaintiff responded that "[t]o the extent any such allegation has been made, it is based upon the investigation of my attorneys. Nevertheless, the voicemails speak for themselves, and clearly identify USHA as the party making the call." *Id.* This is an impermissible and "coy avoidance of answers." *Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, Fla.*, No. 04-61212-CIV, 2005 WL 8154793, at *2 (S.D. Fla. Oct. 5, 2005).

Plaintiff will not confirm if he is pursuing a theory of vicarious liability (or what that theory is, *e.g.*, actual authority, apparent authority, and/or ratification), but states that, if he is, it is based upon the investigation of his attorneys. But any *facts* learned by Plaintiff's counsel must be disclosed. "A party must disclose facts in its attorney's possession even though the facts have not been transmitted to the party." 8B *Fed. Prac. & Proc. Civ.* § 2177 (3d ed. 2020). *See also Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005). Moreover, Plaintiff goes on to say, "nevertheless"—meaning *in addition* to what counsel knows—[7]"the voicemails speak for themselves and clearly identify USHA as the party making the call." Ex. A at No. 7. First, that is false, as the voicemails do not identify USHA as the caller. *See* FAC ¶ 29. Nowhere do the messages identify a caller or sender of the messages Plaintiff allegedly received. Second, even if the message could be interpreted to mean that USHA is the "party making the call," such an interpretation would logically foreclose any theory of vicarious liability against USHA. Plaintiff straddles the fence to avoid these inconsistencies. The answers to ROG Nos. 8, 10, and 11 are equally ambiguous. Ex. B at Nos. 8, 10, 11.

### E. USHA Should be Awarded its Fees

The Court should also award USHA its attorney's fees incurred in bringing this Motion. Plaintiff's positions and objections were unjustified, and ignored this Court's rules. *See* ECF 48.

## CONCLUSION

For the foregoing reasons, USHA requests that the Court grant this Motion and award USHA its attorneys' fees incurred in making this Motion.

---

[7] *See Nevertheless*, MERIAMI WEBSTER, https://www.merriam-webster.com/dictionary/nevertheless (last visited December 21, 2020).

**CERTIFICATE OF GOOD FAITH CONFERRAL**

Undersigned counsel hereby certifies that he and Andrew Shamis, counsel for Plaintiff, conducted a telephonic meet and confer regarding the items at issue in this Motion on December 1, 2020, by telephone, that lasted approximately one hour and thirty minutes, and the parties have been unable to resolve the issues raised in this Motion.

Pursuant to Section II(B) of Judge Hunt's General Order on Discovery Objections and Procedures, (ECF 48), undersigned counsel called Judge Hunt's chambers on December 21, 2020 and obtained permission to file this Motion.

Dated: December 21, 2020

Respectfully submitted,

By: */s/ Gregg I. Strock*

JEFFREY A. BACKMAN
Florida Bar No. 662501
ROY TAUB
Florida Bar No. 116263
GREGG I. STROCK
Florida Bar No. 1010140
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com
gregg.strock@gmlaw.com
marie.kusek@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*