# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:20-cv-61206-RKA**

ANUEL ST. CLAIR, individually and on behalf of all others similarly situated,

**CLASS ACTION**

*Plaintiff,*

**JURY TRIAL DEMANDED**

vs.

USHEALTH ADVISORS, LLC,

*Defendant.*
________________________________________/

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT USHEALTH ADVISORS, LLC'S FIRST REQUEST FOR PRODUCTION**

Plaintiff, Anuel St. Clair, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby provides amended responses to Defendant, USHEALTH Advisors, LLC's Requests for Production and states:

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Documents evidencing the alleged Telephone Calls, including but not limited to Your notes, telephone billing records, or screenshots.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 2:** To the extent not requested by Request No. 1, Documents relating to the alleged Telephone Calls, including but not limited to Your notes, telephone billing records, or screenshots.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 3:** Recordings of the Telephone Calls You claim to have received, including but not limited to the recording(s) identified in Your Initial Disclosures in this case dated July 27, 2020.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 4:** All billing statements for the cellular telephone associated with the Subject Numbers for any month in which you claim to have received a telephone call from USHA or by another person on behalf of USHA, including all phone records evidencing the Telephone Calls.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 5:** Documents from, created by, or accessible to You via any telephone application (or "app") or its website related to the Telephone Calls, including but not limited to an application aimed at blocking or keeping track of telephone solicitations or robocalls.

**RESPONSE: None.**

**REQUEST NO. 6:** Documents evidencing any member of the putative class's receipt of a Telephone Call.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 7:** Documents evidencing the identity of any person other than Plaintiff whom You claim is a member of the putative class as alleged in the Complaint.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 8:** Recordings of all Telephone Calls received by putative class members.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 9:** Documents reflecting any and all communications between You and USHA, including any documents reflecting notes of such communications.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 10:** Documents reflecting any and all communications between You and anyone other than your attorneys relating to the Telephone Calls, including any documents reflecting notes of such communications.

**RESPONSE: None.**

**REQUEST NO. 11:** Any and all documents containing statements you have taken from any third-party concerning the allegations set forth in the Complaint.

**RESPONSE: None.**

**REQUEST NO. 12:** Documents reflecting any research or investigation you conducted related to USHA, including but not limited to online research.

**RESPONSE: None.**

**REQUEST NO. 13:** You and Your attorneys' communications with any putative class members, including any documents reflecting notes of such communications. This includes any communications to a putative class member, even if the class member did not respond.

**RESPONSE: None.**

**REQUEST NO. 14:** Documents reflecting notes of communications between any potential member of the proposed class and USHA, including any documents reflecting notes of such communications.

**RESPONSE: None.**

**REQUEST NO. 15:** Documents reflecting notes of communications between You and any potential member of the putative class, including any documents reflecting notes of such communications.

**RESPONSE: None.**

**REQUEST NO. 16:** Documents reflecting all telephone numbers from which You received the Telephone Calls.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 17:** Documents sufficient to identify the subscriber of the Subject Numbers.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 18:** Documents sufficient to identify all telephone numbers from which You received the Telephone Calls.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 19:** Documents reflecting telephone numbers at which any putative class member, including You, received a Telephone Call.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 20:** Documents reflecting telephone numbers from which any putative class member, including You, received a Telephone Call.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 21:** Documents supporting your claim that USHA is responsible for the Telephone Calls.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 22:** Telephone billing records relating to all telephones (including, but not limited to, landlines and cellular telephones) used by You to make or receive telephone calls (not limited to the defined term "Telephone Calls").

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 23:** Copies of your social media posts, including but not limited to posts on Facebook and Twitter, relating to the Telephone Calls.

**RESPONSE: None.**

**REQUEST NO. 24:** Copies of your social media posts, including but not limited to posts on Facebook and Twitter, relating to this lawsuit or the possible commencement of litigation.

**RESPONSE: None.**

**REQUEST NO. 25:** Non-privileged documents that show when and how you retained your attorneys in this matter.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 26:** Documents regarding your attorneys' prior lawsuits and class representations evidencing their ability to adequately represent the putative class.

**RESPONSE: Objection; request is unduly burdensome and not proportional to the needs of the case as it calls for the production of every document related to Plaintiff's attorneys' prior lawsuits. This information is public record.**

**REQUEST NO. 27:** Documents evidencing economic damages and/or harm caused to Plaintiff as a result of his receipt of Telephone Calls.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 28:** Documents evidencing any damages and/or harm caused to any potential members of the proposed class as a result of their receipt of Telephone Calls.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 29:** Documents exchanged between you and any third party (excluding privileged communications with counsel) relating to the facts and/or allegations contained in the Complaint.

**RESPONSE: None.**

**REQUEST NO. 30:** Any printouts or screen shots of all internet research Plaintiff has performed in relation to allegations contained in Plaintiff's Complaint.

**RESPONSE: None.**

**REQUEST NO. 31:** Documents exchanged between you and any proposed class member relating to the facts and/or allegations contained in the Complaint.

**RESPONSE: None.**

**REQUEST NO. 32:** Documents related to your attempts to mitigate any claimed damages.

**RESPONSE: Objection. The documents requested are described in a manner that is vague and ambiguous, preventing Plaintiff from responding in a meaningful way, and furthermore, they appear to be irrelevant and not proportional to the needs of the case. Furthermore, given the nature of the damages and harms alleged in the complaint and provided by law, they are incapable of being mitigated and/or incompatible with the general concept of mitigation of damages.**

**REQUEST NO. 33:** Documents related to any testimony you have provided under oath including, but not limited to, affidavits, depositions, discovery responses, or in-court testimony, in the last 10 years.

**RESPONSE: None.**

**REQUEST NO. 34:** Documents relating to other lawsuits You have filed or commenced.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 35:** Documents relating to any instances in which you were convicted of a crime involving a dishonest or false statement in the last 10 years.

**RESPONSE: None.**

**REQUEST NO. 36:** Documents relating to Your or any other potential class member's consent to receive Telephone Calls.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 37:** Copies of your Internet browsing history on all devices you use to browse Internet websites.

**RESPONSE: Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade his privacy. Defendant does not require all copies of Plaintiff's Internet browsing history on all devices Plaintiff uses to browse Internet websites in order for Defendant to determine whether or not Defendant sent Plaintiff prerecorded phone calls in contravention of the Telephone Consumer Protection Act or to determine whether Defendant has Plaintiff's proper consent. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.**

**REQUEST NO. 38:** Any and all documents evidencing that You did not consent to receive the Telephone Calls you received as alleged in the Complaint.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 39:** Any and all documents evidencing that USHA made or initiated any of the Telephone Calls to You as alleged in the Complaint.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 40:** Any and all documents evidencing that the Telephone Calls to You as alleged in the Complaint were made on behalf of or at the direction of USHA.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 41:** Documents that you contend support your claim that Defendants' conduct was knowing and willful as alleged in the Complaint.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 42:** Documents that support your claim that Defendants violated the Telephone Consumer Protection Act.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 43:** Documents that identify any potential class member.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 44:** Documents that represent or evidence the number of putative class members that may fall within the proposed class.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 45:** Documents referenced or reviewed in connection with Plaintiff's answers to Defendant's First Set of Interrogatories to Plaintiff that are being served simultaneously herewith.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 46:** Documents you intend to rely upon to support your request for class certification.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 47:** Documents that support your contention that the proposed class is capable of being certified, including but not limited to, documents supporting that the classes are numerous enough for certification, have common issues that will predominate over individual issues, have typical issues, and have adequate representation.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 48:** Documents sufficient to identify your e-mail address(es).

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 49:** Documents sufficient to identify your IP address(es), including the IP address from any laptop, desktop, notebook, cellular telephone, or other mobile device that You use to browse Internet websites.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 50:** Documents relating to you providing any of your telephone numbers to receive telephone calls or text messages for commercial purposes.

**RESPONSE: None.**

**REQUEST NO. 51:** Copies of all documents sufficient to identify the internet browsing history for any laptop computer, desktop computer, notebook computer, tablet, cellular telephone, or other mobile device capable of accessing the Internet used by you or anyone who may have accessed any of your devices on those dates.

**RESPONSE: Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade his privacy. Defendant does not require all documents to identify Plaintiff's internet browsing history in order for Defendant to determine whether or not Defendant sent Plaintiff prerecorded phone calls in contravention of the Telephone Consumer Protection Act or to determine whether Defendant has Plaintiff's proper consent. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.**

**REQUEST NO. 52:** Documents sufficient to identify your internet service provider(s).

**RESPONSE: None. Plaintiff does not subscribe to an internet service provider.**

**REQUEST NO. 53:** Documents sufficient to identify your cellular telephone service provider(s).

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 54:** Documents sufficient to identify your residential telephone service provider(s).

**RESPONSE: None.**

**REQUEST NO. 55:** Documents sufficient to identify your business telephone service provider(s).

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 56:** Document sufficient to identify your VoIP telephone service provider(s).

**RESPONSE: None, as Plaintiff does not have a VoIP telephone service provider.**

**REQUEST NO. 57:** Documents that evidence your location when you received the Telephone Calls.

**RESPONSE: None.**

**REQUEST NO. 58:** Documents supporting your allegation that USHA authorized someone to place the Telephone Calls to You or any putative class members.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 59:** Documents relating to or evidencing any relationship between USHA and the person or persons that placed the Telephone Calls to You or any putative class members.

**RESPONSE: See recordings of the prerecorded messages, attached, which speak for themselves, identify the calling party as USHA, and promote the purchase or sale of USHA's goods and services. Discovery is ongoing and in its infancy at this time, therefore Plaintiff reserves the right to amend or supplement this response.**

**REQUEST NO. 60:** Documents that support your contention that USHA is liable in any way for the Telephone Calls to You or any putative class member.

**RESPONSE: All within Plaintiff's current possession are attached.**

**REQUEST NO. 61:** Documents supporting Your allegation that the Telephone Calls used a prerecorded or artificial voice.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 62:** Documents reflecting your interest in and/or consent to receive health insurance quotes or information related to health insurance coverage.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 63:** Documents showing the browsing history on any device you use or have used during the relevant time period. This request is limited to your browsing history related to health care, health insurance, health insurance quotes, the Affordable Care Act, and any State or Federal health insurance marketplace website.

**RESPONSE: Objection. This request is vague and ambiguous regarding what is meant by "browsing history" as used in this request, is not sufficiently limited in time or scope, and**

**furthermore, Plaintiff's browsing history and any documents related thereto are not relevant or proportional to the needs of the case, are improperly targeted at sensitive/confidential personal or financial information bearing no relation to this case, and potentially implicate HIPPA protected information and private personal data protected by state and/or federal privacy and electronic confidentiality laws, and the request appears to be animated only by an improper effort to harass Plaintiff and invade his privacy. Defendant does not require all documents showing Plaintiff's browsing history related to health care in order for Defendant to determine whether or not Defendant sent Plaintiff prerecorded phone calls in contravention of the Telephone Consumer Protection Act or to determine whether Defendant has Plaintiff's proper consent. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.**

**REQUEST NO. 64:** Documents that evidence that any person expressed to you, either verbally or through conduct, that they had authority from USHA to contact you on behalf of USHA.

**RESPONSE: See recordings of the prerecorded messages, attached, which speak for themselves, identify the calling party as USHA, and promote the purchase or sale of USHA's goods and services. Discovery is ongoing, Plaintiff reserves right to supplement or amend this answer.**

**REQUEST NO. 65:** Documents that evidence that any person expressed to you, either verbally or through conduct, that they had authority from USHA to contact you in a way that violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

**RESPONSE: See recordings of the prerecorded messages, attached, which speak for themselves, identify the calling party as USHA, and promote the purchase or sale of USHA's goods and services. Discovery is ongoing, Plaintiff reserves right to supplement or amend this answer.**

**REQUEST NO. 66:** Concerning any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please produce the following:

a. All documents concerning any facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case, regardless of when and how the factual information was acquired;

b. All documents and electronic files concerning the expert's mental impressions and opinions formed or made in connection with this case and any methods used to derive them;

c. All documents, electronic files, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of a testifying expert's testimony concerning any issue in this case;

d. The expert's current resume and bibliography;

e. All documents and electronic files containing any factual observations, tests, supporting data, inspections, calculations, photographs, videotapes, reports, and all opinions of such expert relating to any issue in this case;

f. All correspondence between you and/or your counsel and such expert concerning any facts in this case;

g. All advertising, regardless of type of media, published by or on behalf of such expert;

h. Any and all published court opinions that report, criticize or challenge such expert, or report, criticize or challenge the work of such expert; and

i. Any and all publications authored by such expert.

**RESPONSE: None at this time, as Plaintiff's expert is unknown. Plaintiff reserves the right to supplement his responses.**

**REQUEST NO. 67:** Photographs, screenshots, videos, drawings and all other images, however generated, you contend are relevant to any of the Telephone Calls.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 68:** Photographs, screenshots, videos, drawings and all other images, however generated, you contend are relevant to any issue in this case.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 69:** Communications, except with your attorney, concerning joining in any lawsuit alleging a violation of the Telephone Consumer Protection Act, or providing information for any lawsuit alleging violation of the Telephone Consumer Protection Act.

**RESPONSE: None.**

**REQUEST NO. 70:** Your engagement agreement with your attorneys in this case, and all communications related to the negotiation and understanding amongst you and your attorneys of the terms of your attorneys' engagement.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 71:** Documents related to any business transactions you conducted with or on behalf of your attorneys or any of their family members.

**RESPONSE: None.**

**REQUEST NO. 72:** Documents showing all of the purposes for which Plaintiff uses or has used the Subject Numbers.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 73:** Text messages sent or received to or from the Subject Numbers containing the terms "USHEALTH", "TCPA", "Telephone Consumer Protection Act"; "class action"; or "health insurance."

**RESPONSE: None.**

**REQUEST NO. 74:** Documents sufficient to identify your health insurance provider(s) during the proposed time period.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 75:** Documents sufficient to identify any instance, from the date that the Subject Numbers were registered on the National Do-Not-Call Registry to the day that you respond to this Request, when you used the Subject Numbers for a business purpose, including but not limited to any advertisement, business card, website, listing, publication, or application (e.g. business license or permit).

**RESPONSE: None.**

**REQUEST NO. 76:** Records identifying any client or business acquaintance or associate that Plaintiff provided his cellular telephone number to for contacting him for business purposes.

**RESPONSE: Plaintiff objects to this request on the grounds that it is vague, overly broad, ambiguous, not sufficiently limited in time or scope, not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade his privacy. Defendant does not require all documents sufficient to identify any client or business acquaintance or associate that Plaintiff provided his cellular telephone number to for contacting him for business purposes in order for Defendant to determine whether or not Defendant sent Plaintiff prerecorded phone calls in contravention of the Telephone Consumer Protection Act or to determine whether Defendant has Plaintiff's proper consent. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.**

**REQUEST NO. 77:** Documents showing in any way that you requested not to be called during any of the Telephone Calls.

**RESPONSE: None.**

**REQUEST NO. 78:** Your cellular telephone GPS data, also known as cell site data, for the Subject Numbers on the dates and times you allege to have received the Telephone Calls, and for any other calls you allege to have received from or on behalf of USHA.

**RESPONSE: Objection, the requested materials and/or data are not relevant or proportional to the needs of the case, are improperly targeted at sensitive/confidential personal or financial information bearing no relation to this case, and potentially implicate personal protected information and confidential/sensitive personal data protected by state and/or federal**

**laws, and the request appears to be animated only by an improper effort to harass Plaintiff and invade his privacy. Defendant does not require all documents showing Plaintiff's GPS data in order for Defendant to determine whether or not Defendant sent Plaintiff prerecorded phone calls in contravention of the Telephone Consumer Protection Act or to determine whether Defendant has Plaintiff's proper consent. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.**

**REQUEST NO. 79:** Documents showing where you were at the time you received each and every Telephone Call.

**RESPONSE: None.**

**REQUEST NO. 80:** Documents showing what you were doing at the time you received each and every Telephone Call.

**RESPONSE: None.**

**REQUEST NO. 81:** Documents showing in any way that you requested not to be called during any of the Telephone Calls.

**RESPONSE: None.**

**REQUEST NO. 82:** Documents showing proof of payments made for the cellular telephone account linked to the Subject Numbers for the months in which you received the Telephone Calls. Responsive documents may include, but are not limited to, bank statements, credit card statements, and/or cancelled checks. Entire bank statements or credit card statements need not be produced.

USHA is seeking only the portions of the documents identifying any of the following information for payments made: the name of the payor; the name of the payee; the payment amount; and the date of the payment.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 83:** Documents showing reimbursement(s) to you, or any individual or entity, for payments made for the cellular telephone account linked to the Subject Numbers.

**RESPONSE: None.**

**REQUEST NO. 84:** Documents showing payment of an allowance, stipend, credit, bonus, or benefit for the use of your cellular telephone linked to the Subject Numbers. For example, if your employer gives you a monthly communications allowance or stipend, documents reflecting the allowance or stipend would be responsive.

**RESPONSE: None.**

**REQUEST NO. 85:** Local, State, or Federal tax filings, filed by you or a business that you are associated with, contracted with, or employed by, claiming a tax deduction for all or part of the payments made for the cellular telephone accounts linked to the Subject Numbers. Entire tax returns need not be produced. USHA is seeking only the portions of the filing(s) identifying the deduction being claimed, and individual or entity claiming the deduction.

**RESPONSE: Objection, the requested materials are not relevant or proportional to the needs of the case, are improperly targeted at sensitive/confidential personal or financial information protected from disclosure by the Florida Constitution, which bear no relation to**

**this case, and potentially implicate personal protected information and the request appears to be animated only by an improper effort to harass Plaintiff and invade his privacy. Defendant does not require all documents showing Plaintiff's tax filings in order for Defendant to determine whether or not Defendant sent Plaintiff prerecorded phone calls in contravention of the Telephone Consumer Protection Act or to determine whether Defendant has Plaintiff's proper consent. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.**

**REQUEST NO. 86:** Documents that prove that the Subject Numbers are residential telephone lines.

**RESPONSE: None, as neither of Plaintiff's telephone numbers are residential lines.**

**REQUEST NO. 87:** Documents that prove that Plaintiff is a residential telephone subscriber.

**RESPONSE: None.**

**REQUEST NO. 88:** Documents that prove that putative class members received calls to their residential telephone lines.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 89:** Documents that prove that putative class members are residential telephone subscribers.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 90:** Documents that show the location of each putative class member when they received Telephone Calls.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 91:** Documents showing Plaintiff's use of the Subject Numbers for a business purpose.

**RESPONSE: None.**

**REQUEST NO. 92:** Documents showing Plaintiff's use of the Subject Numbers for a residential purpose.

**RESPONSE: None.**

**REQUEST NO. 93:** Documents reflecting or constituting Plaintiff's telephone number being published in connection with any business purpose.

**RESPONSE: None.**

**REQUEST NO. 94:** Documents showing to whom Telephone Calls were made, and who made Telephone Calls.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 95:** Documents that prove that Telephone Calls to Plaintiff and the putative class members constituted "telephone solicitations" under 47 C.F.R. 61.1200(f)(14).

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 96:** Documents showing Plaintiff did not have an established business relationship with USHA.

**RESPONSE: None within Plaintiff's possession.**

**REQUEST NO. 97:** Document showing Plaintiff did not provide prior express invitation or permission to receive Telephone Calls.

**RESPONSE: None within Plaintiff's possession.**

**REQUEST NO. 98:** Documents showing Plaintiff did not provide consent to receive Telephone Calls.

**RESPONSE: None within Plaintiff's possession.**

**REQUEST NO. 99:** Documents showing putative class members did not have an established business relationship with USHA.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 100:** Document showing putative class members did not provide prior express invitation or permission to receive Telephone Calls.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 101:** Documents showing putative class members did not provide consent to receive Telephone Calls.

**RESPONSE: None within Plaintiff's possession. Members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 102:** Documents related to Plaintiff or putative class members' established business relationship with USHA.

**RESPONSE: None within Plaintiff's possession.**

**REQUEST NO. 103:** Documents related to Plaintiff or putative class members' prior express invitation or permission to receive Telephone Calls.

**RESPONSE: None within Plaintiff's possession.**

**REQUEST NO. 104:** Documents related to Plaintiff or putative class members provide consent to receive Telephone Calls.

**RESPONSE: None within Plaintiff's possession.**

**REQUEST NO. 105:** Documents identifying the caller for every Telephone Call Plaintiff claims he or a putative class member received.

**RESPONSE: All within Plaintiff's possession. Additionally, members of the class have not yet been identified, as Defendant has not yet produced records sufficient to identify them.**

**REQUEST NO. 106:** Documents Plaintiff intends to rely upon to prove that USHA conferred actual authority to violate the TCPA to any other person with respect to the Telephone Calls.

**RESPONSE: See recordings of the prerecorded messages, attached hereto, which speak for themselves, identify the calling party as USHA, and promote the purchase or sale of USHA's goods and services. Discovery is ongoing and in its infancy at this time, therefore Plaintiff reserves the right to amend or supplement this response.**

**REQUEST NO. 107:** Documents Plaintiff intends to rely upon to prove that USHA conferred apparent authority to violate the TCPA to any other person with respect to the Telephone Calls.

**RESPONSE: See recordings of the prerecorded messages, attached hereto, which speak for themselves, identify the calling party as USHA, and promote the purchase or sale of USHA's goods and services. Discovery is ongoing and in its infancy at this time, therefore Plaintiff reserves the right to amend or supplement this response.**

**REQUEST NO. 108:** Documents Plaintiff intends to rely upon to prove that USHA ratified the allegedly illegal conduct of any other person with respect to the Telephone Calls.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 109:** Documents Plaintiff intends to rely upon to prove that any other person with respect to the Telephone Calls was a sub-agent of USHA.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 110:** Documents that prove USHA does not have a written policy to comply with the national do-not-call rules.

**RESPONSE: None within Plaintiff's possession.**

**REQUEST NO. 111:** Documents that prove You registered the Subject Numbers on the National Do-Not-Call Registry.

**RESPONSE: All within Plaintiff's possession.**

**REQUEST NO. 112:** All Documents referenced in Your Rule 26 Initial Disclosures.

**RESPONSE: All within Plaintiff's possession attached.**

**REQUEST NO. 113:** All Documents You intend to rely upon at trial in this action.

**RESPONSE: Plaintiff will disclose the documents it intends to rely on at trial in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. Documents currently in Plaintiff's possession and which may be relied on at trial are attached hereto. Considering that discovery is ongoing and still in its infancy, Plaintiff reserves the right to modify or supplement this answer, as necessary.**

Dated: December 9, 2020

**Shamis & Gentile, P.A.**
/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

**Edelsberg Law, P.A.**
/s/ Scott Edelsberg
Scott Edelsberg, Esq.
Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Class*