# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:20-cv-61206-RKA**

ANUEL ST. CLAIR, individually and on behalf of all others similarly situated,

**CLASS ACTION**

*Plaintiff,*

**JURY TRIAL DEMANDED**

vs.

USHEALTH ADVISORS, LLC,

*Defendant.*
_______________________________________/

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT USHEALTH ADVISORS, LLC'S FIRST SET OF INTERROGATORIES**

Plaintiff, Anuel St. Clair, pursuant to Rule 33, Federal Rules of Civil Procedure, hereby provides amended responses to Defendant, USHEALTH Advisors, LLC's First Set of Interrogatories, and states:

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, current residential addresses, current business address, and title for you and all persons you consulted and/or who provided information or assistance to you in responding to these Interrogatories.

**ANSWER: Anuel St. Clair. 8008 SW 6th St. North Lauderdale, FL 33068. I, Anuel St. Clair, am answering these interrogatories with the assistance of my attorneys.**

**INTERROGATORY NO. 2:** Identify the total number of Telephone Calls you claim to have received from USHA or a third party allegedly calling on its behalf, and for each alleged call, state the date, approximate time, and estimated duration of the call and the names (if any) of persons or entities identified by the caller, and describe with specificity the content and subject matter of each call.

**ANSWER: I received four calls. The first call I received was on March 31, 2020 at 1:19 PM and lasted approximately 39 seconds. The second call I received was on March 31, 2020 at 4:50 PM and lasted approximately 39 seconds. The third call I received was on April 1, 2020 at 12:42 PM and lasted approximately 39 seconds. The second call I received was on April 1, 2020 at 5:54 PM and lasted approximately 39 seconds. All four calls identified USHA in the message and contained information on how to get health insurance.**

**INTERROGATORY NO. 3:** Describe and identify any and all communication between you and USHA, including the dates on which each such alleged communications took place.

**ANSWER: I received phone calls from USHA on March 31, 2020 at 1:19 p.m., on March 31, 2020 at 4:50 p.m., on April 1, 2020 at 12:42 p.m., and on April 1, 2020 at 5:54 p.m.**

**INTERROGATORY NO. 4:** Identify the names, addresses, and telephone numbers of any person you claim may be a member of the purported class alleged in the Complaint.

**ANSWER: The names, addresses, and telephone numbers of putative class members have not been ascertained with specificity as this time, as Defendant has not produced records sufficient to identify same, class discovery has not otherwise been completed, and Defendant and/or other third-parties are in exclusive possession of this information.**

**INTERROGATORY NO. 5:** Describe in specific detail the factual basis for your contention that USHA made or initiated the Telephone Calls.

**ANSWER: The voicemails identify that USHA is the party making the call, and promote the sale or purchase of Defendant's goods or services**

**INTERROGATORY NO. 6:** Please state and describe with specificity all actions you undertook to determine the source of the Telephone Calls.

**ANSWER: I listened to the voicemails which identified USHA as the party making the call.**

**INTERROGATORY NO. 7:** Describe in specific detail the factual basis for your contention of the existence of an agency relationship between USHA and each person who you allege made a Telephone Call in which said person(s) was/were authorized to make the Telephone Calls or said Telephone Calls were otherwise ratified by USHA.

**ANSWER: To the extent any such allegation has been made, it is based upon the investigation of my attorneys. Nevertheless, the voicemails speak for themselves, and clearly identify USHA as the party making the call.**

**INTERROGATORY NO. 8:** State all facts that you contend prove that USHA controlled the manner and means by which the Telephone Calls were made or sent to you.

**ANSWER: To the extent any such allegation has been made, it is based upon the investigation of my attorneys, please also see Answer Nos. 3, 5, and 6, above. The voicemails speak for themselves and clearly identify USHA as the party making the call, and they also promote the sale or purchase of Defendant's goods or services.**

**INTERROGATORY NO. 9:** Please describe and quantify any injury, damages, or harm (economic or otherwise) that you claim to have suffered as a result of the alleged violation in the Complaint, if any, and identify with particularity any documents supporting such injury, damages, or harm.

**ANSWER: I am seeking statutory damages pursuant to the Telephone Consumer Protection Act on behalf of myself and the class, please also allegations in the Complaint.**

**INTERROGATORY NO. 10:** Describe and identify all facts evidencing that USHA's alleged conduct toward you, as well any and all members of the proposed class, was "knowing" and/or "willful" as alleged in the Complaint.

**ANSWER: Objection, as overbroad, vague, and ambiguous with respect to the phrase, "all facts evidencing USHA's alleged conduct toward you." With waiving these objections, such allegations are based upon the independent investigation of my attorneys. Nonetheless, publicly available information shows that USHA is a massive corporation with extensive business experience and resources, and thus, it was likely, if not undoubtedly, aware of the prohibitions and requirements set forth in the TCPA. Moreover, documents produced in discovery by**

**Defendant confirm that USHA was aware of the TCPA. Moreover, discovery is ongoing, and Plaintiff reserves the right to modify or supplement this answer, as necessary, pending completion of discovery or at such time that additional information is learned.**

**INTERROGATORY NO. 11:** Describe in specific detail the factual basis for your contention that the Telephone Calls utilized an artificial or prerecorded voice.

**ANSWER: The calls used a pre-recorded voice and stated that Defendant was calling to offer health insurance coverage. Moreover, the voicemails speak for themselves and support such an allegation, which is based, in large part, upon the investigation of my attorneys.**

**INTERROGATORY NO. 12:** Identify and describe the following information relating to your telephone service for the Subject Numbers: the name of the subscriber, the name of the carrier(s) (e.g., AT&T, Verizon, etc.), the date(s) of service (for each carrier), whether the telephone number is associated with a residential line or some other type of phone, and whether the carrier assesses a specific charge for incoming calls.

**ANSWER: Straight Talk Wireless is the service provider for my cellphone number 954-446-4656. Google Voice is the service provider for my secondary cellphone number 754-246-2924. The carriers do not assess a specific charge for incoming calls. I am the subscriber for both numbers.**

**INTERROGATORY NO. 13:** Please provide a list of your internet browsing history from June 23, 2016 through the date of your response for each and every device that is capable of browsing the internet that you owned or used on those dates. This Interrogatory is limited to your browsing

history related to health care, health insurance, health insurance quotes, the Affordable Care Act, and any State or Federal health insurance marketplace website.

**ANSWER: Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case, overbroad, unduly burdensome, improperly targeted at sensitive/confidential personal information not relevant to this case, and is an apparent attempt to harass Plaintiff and invade his privacy. Defendant does not require a list of all of Plaintiff's internet browsing history in order for Defendant to determine whether or not Defendant sent Plaintiff prerecorded phone calls in contravention of the Telephone Consumer Protection Act or to determine whether Defendant has Plaintiff's proper consent. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.**

**INTERROGATORY NO. 14:** List all IP addresses, and identify the internet service provider, for any laptop computer, desktop computer, notebook computer, tablet, cellular telephone, or other mobile device used by you (or anyone who may have accessed any of your devices) capable of browsing the internet since June 23, 2016.

**ANSWER: The IP address for my cellphone and laptop are reflected in the documents produced in response to Plaintiff's amended responses to Defendant's request for production.**

**INTERROGATORY NO. 15:** Identify which Telephone Calls that you answered. For any Telephone Calls that you identify, describe in detail the date and time of the call, the name of the caller and any entity name that the caller allegedly claimed to be associated with, what the caller said, and what you said to the caller.

**ANSWER: None.**

**INTERROGATORY NO. 16:** Identify any business purposes for which you use the Subject Numbers.

**ANSWER: None.**

**INTERROGATORY NO. 17:** Identify your current and former health insurance providers, the date of your coverage with each provider, and any date ranges during which you had a lapse in coverage.

**ANSWER: I have had Florida Blue for the past three years. Before then I had Coventry. To the best of my knowledge, I have not had a lapse in coverage.**

**INTERROGATORY NO. 18:** Have you ever been a plaintiff, defendant, or class representative in any other lawsuit in the last four years? If so, please provide the style of the case, the case caption, the case number, the jurisdiction, the nature of the dispute, and whether you were a plaintiff or defendant.

**ANSWER:** ***Anuel St. Clair v. Inn Real Estate Inc*****., Case No: CONO-19-011356, County Court of Broward County, Florida.**

**INTERROGATORY NO. 19:** Describe, in specific detail, how it came about that you were selected to be a class representative on behalf of the classes alleged in the Complaint, including how you came to hire your current counsel to represent you and the class in this matter, whether you contacted your counsel or whether they contacted you, whether you were referred to your counsel by someone else (if so, by whom), and whether you considered hiring any other law firms.

**ANSWER: I saw a news segment about the TCPA and then Googled attorneys who specialize in the TCPA and found my attorneys and contacted them.**

Dated: December 9, 2020

**Shamis & Gentile, P.A.**
/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

**Edelsberg Law, P.A.**
/s/ Scott Edelsberg
Scott Edelsberg, Esq.
Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Class*