# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61206-RKA**

ANUEL ST. CLAIR, individually and on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_______________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S FIRST**
**REQUEST FOR PRODUCTION TO PLAINTIFF ANUEL ST. CLAIR**

Defendant USHEALTH Advisors, LLC, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that Plaintiff Anuel St. Clair produce and permit inspection and copying of the documents and things described below within thirty (30) days of service of this First Request for Production of Documents.

## DEFINITIONS

1. "You," "Your," "Defendant" and "St. Clair" mean Anuel St. Clair, the individual, and/or any agents or representatives, including, without limits, any attorneys and/or other persons or entities acting, or purporting to act, on his behalf.

2. "Complaint" means the First Amended Complaint dated August 13, 2020, filed in the action *Anuel St. Clair v. USHEALTH Advisors, LLC*, Case No. 0:20-cv-61206-RKA, pending in the United States District Court for the Southern District of Florida.

3. "Defendant" and "USHA" mean USHEALTH Advisors, LLC.

4. The term "Telephone Call(s)" means all telephone calls, text messages, and/or voicemails that you allege to have received from or on behalf of Defendant, including but not

limited to those alleged in the Complaint. Where appropriate, the term also means all telephone calls, text messages, and/or voicemails that you allege any putative class member to have received from or on behalf of Defendant.

5. The term "Subject Numbers" means the cellular telephone numbers 954-446-4656 and/or 752-246-2924.

6. "Person," means any natural person or entity, including without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein to any public or private company, partnership, association, or other entity include such entity's divisions, departments, subsidiaries, affiliates, predecessors, partners, present and former directors, officers, owners, shareholders, employees, attorneys, agents and all other persons acting or purporting to act on its behalf or subject to its direction or control.

7. "Document" means all written or graphic material and all copies containing any additional matter, however produced or reproduced, of any kind and description in the actual or constructive possession, custody, care or control of the Defendants, which pertain directly or indirectly, in whole or in part, to the subjects or any other matters relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, originals (or full and correct copies) of correspondence, papers, email, letters, other communications, notes, memoranda, photographs, schematics and other drawings, computer or telephone "screen shots," sound recordings (including telephone call recordings), telephone bills, telephone call logs, books, records, reports, studies, analyses, estimates, plans, advertising, contracts, agreements, acknowledgment and consent forms, invoices, ledgers, journals, schedules, bank

checks, charge slips, receipts, calendars, diaries, data sheets and Electronic Records (as defined below) in any form.

8. "Electronic Records" and "ESI" mean a record created, generated, sent, communicated, received, or stored by means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities, including but not limited to hard drive, server-based, cloud-based and/or Web-based documents and text on hard storage disks, external drives, jump-drives, CD-ROMs, DVD, optical discs, backup drives, printer buffers, smart cards, memory calculators, pagers, personal digital assistants, cellular telephones, computers and computer tablets, voice recording devices, answering machines, fax machine data and logs, and other data storage devices and/or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. In response to this request, ESI should be produced in native format in a reasonable readable format, clearly labeled as to the kind of software used to prepare, organize, and manipulate the data contained.

9. "Communications" mean any oral or written statement, dialogue, colloquy, discussion, conversation, or other transfer of thoughts or ideas between persons and/or entities.

10. "Relating" or "related to," "evidencing," and "reflecting" mean directly or indirectly referring to, concerning, constituting, embodying, discussing, analyzing, reflecting, evidencing, mentioning, describing, pertaining to, arising out of, in connection with, or in any way legally, logically, or factually connected with the matter discussed.

11. The conjunctions "and" and "or" mean "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively to exclude any information or documents otherwise within the scope of any Request.

12. The term “each” means “each and every” and the term “every” means “each and every.”

13. All pronouns used herein shall include and be read to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted to exclude any information or documents otherwise within the scope of the particular Request.

**INSTRUCTIONS**

1. This Request is continuing in nature and the answers and documents must be supplemented by you in the future as you ascertain or discover additional facts, information and/or documents that are responsive to this Request. The supplemental information and/or documents shall be served upon the undersigned attorney(s) within a reasonable time after discovery. The original of the responses are to be served on Defendant’s attorneys at the offices of Greenspoon Marder LLP, 200 East Broward Boulevard, Suite 1800, Fort Lauderdale, Florida 33301.

2. You are required to produce a document or tangible thing if it is within your possession, custody, or control. Possession, custody or control includes constructive possession, such that you need not have actual physical possession. As long as you have the right to compel the production from a third party (including a person, company, financial institution, agency, authority or representative), you are deemed to have possession, custody, or control.

3. If you do not have any documents responsive to a particular numbered Request, please state so in writing.

4. All documents must be produced in full, without abridgment, abbreviation or expurgation of any sort. Identical copies of a document do not need to be produced, but if a

version of a document contains notes or other writings that do not appear on other versions of the same document, it is a "non-identical copy" and must be produced.

5. All documents must be produced as they are kept in the usual course of business or organized and labeled to correspond with the numbered Requests. The selection of documents from files and other sources shall be performed in a manner to ensure that the file or other source from which the document is obtained may be identified.

6. If you cannot produce a responsive document after exercising due diligence to secure it, please state so in writing and provide the specific information called for by Instructions 7 or 8 below.

7. If you contend that you are entitled to withhold any responsive document(s) on the basis of privilege, attorney work product doctrine, or other grounds, for each such document specify: (a) the author(s), including their name and capacity or title; (b) type and subject matter of the document; (c) the name and capacity of all addressees and recipients of the original or copies thereof; (d) all persons to whom the document was distributed, shown or explained; (e) the date the document was created and/or dated; (f) the source of the factual information from which such document was prepared; and (g) the nature of the privilege or other basis upon which you contend that you are entitled to withhold the document.

8. If you contend that a responsive document has been lost, destroyed, placed beyond your control, or otherwise disposed of, for each such document specify: (a) the author(s), including their name and capacity or title; (b) type, subject matter and physical size/number of pages of the document; (c) the date the document was created and/or dated; (d) the addressees and recipients of the original or copies thereof; (e) number of pages, attachments and appendices; (f) all persons to whom the document was distributed, shown or explained; (g) date of

destruction or other disposition; (h) reason for destruction or other disposition; (i) person authorizing destruction or other disposition; (m) person destroying or otherwise disposing of document(s); and (j) if not destroyed, the person(s) or entity(s) in possession of document.

9. Please produce all responsive documents with a Bates number or other distinguishing mark on each page or item that separately identifies it from all others.

10. Documents should be segregated and identified with the numbered Request to which they are responsive. If a particular document is responsive to more than one Request, please state so in writing.

**DOCUMENTS REQUESTED**

Please produce all documents dated, created or modified during the time period June 23, 2016, through the date you finish responding to this Request for each of the following requests, unless another time period is specified:

1. Documents evidencing the alleged Telephone Calls, including but not limited to Your notes, telephone billing records, or screenshots.

2. To the extent not requested by Request No. 1, Documents relating to the alleged Telephone Calls, including but not limited to Your notes, telephone billing records, or screenshots.

3. Recordings of the Telephone Calls You claim to have received, including but not limited to the recording(s) identified in Your Initial Disclosures in this case dated July 27, 2020.

4. All billing statements for the cellular telephone associated with the Subject Numbers for any month in which you claim to have received a telephone call from USHA or by another person on behalf of USHA, including all phone records evidencing the Telephone Calls.

5. Documents from, created by, or accessible to You via any telephone application (or "app") or its website related to the Telephone Calls, including but not limited to an application aimed at blocking or keeping track of telephone solicitations or robocalls.

6. Documents evidencing any member of the putative class's receipt of a Telephone Call.

7. Documents evidencing the identity of any person other than Plaintiff whom You claim is a member of the putative class as alleged in the Complaint.

8. Recordings of all Telephone Calls received by putative class members.

9. Documents reflecting any and all communications between You and USHA, including any documents reflecting notes of such communications.

10. Documents reflecting any and all communications between You and anyone other than your attorneys relating to the Telephone Calls, including any documents reflecting notes of such communications.

11. Any and all documents containing statements you have taken from any third-party concerning the allegations set forth in the Complaint.

12. Documents reflecting any research or investigation you conducted related to USHA, including but not limited to online research.

13. You and Your attorneys' communications with any putative class members, including any documents reflecting notes of such communications. This includes any communications to a putative class member, even if the class member did not respond.

14. Documents reflecting notes of communications between any potential member of the proposed class and USHA, including any documents reflecting notes of such communications.

15. Documents reflecting notes of communications between You and any potential member of the putative class, including any documents reflecting notes of such communications

16. Documents reflecting all telephone numbers from which You received the Telephone Calls.

17. Documents sufficient to identify the subscriber of the Subject Numbers.

18. Documents sufficient to identify all telephone numbers from which You received the Telephone Calls.

19. Documents reflecting telephone numbers at which any putative class member, including You, received a Telephone Call.

20. Documents reflecting telephone numbers from which any putative class member, including You, received a Telephone Call.

21. Documents supporting your claim that USHA is responsible for the Telephone Calls.

22. Telephone billing records relating to all telephones (including, but not limited to, landlines and cellular telephones) used by You to make or receive telephone calls (not limited to the defined term “Telephone Calls”).

23. Copies of your social media posts, including but not limited to posts on Facebook and Twitter, relating to the Telephone Calls.

24. Copies of your social media posts, including but not limited to posts on Facebook and Twitter, relating to this lawsuit or the possible commencement of litigation.

25. Non-privileged documents that show when and how you retained your attorneys in this matter.

26. Documents regarding your attorneys' prior lawsuits and class representations evidencing their ability to adequately represent the putative class.

27. Documents evidencing economic damages and/or harm caused to Plaintiff as a result of his receipt of Telephone Calls.

28. Documents evidencing any damages and/or harm caused to any potential members of the proposed class as a result of their receipt of Telephone Calls.

29. Documents exchanged between you and any third party (excluding privileged communications with counsel) relating to the facts and/or allegations contained in the Complaint.

30. Any printouts or screen shots of all internet research Plaintiff has performed in relation to allegations contained in Plaintiff's Complaint.

31. Documents exchanged between you and any proposed class member relating to the facts and/or allegations contained in the Complaint.

32. Documents related to your attempts to mitigate any claimed damages.

33. Documents related to any testimony you have provided under oath including, but not limited to, affidavits, depositions, discovery responses, or in-court testimony, in the last 10 years.

34. Documents relating to other lawsuits You have filed or commenced.

35. Documents relating to any instances in which you were convicted of a crime involving a dishonest or false statement in the last 10 years.

36. Documents relating to Your or any other potential class member's consent to receive Telephone Calls.

37. Copies of your Internet browsing history on all devices you use to browse Internet websites.

38. Any and all documents evidencing that You did not consent to receive the Telephone Calls you received as alleged in the Complaint.

39. Any and all documents evidencing that USHA made or initiated any of the Telephone Calls to You as alleged in the Complaint.

40. Any and all documents evidencing that the Telephone Calls to You as alleged in the Complaint were made on behalf of or at the direction of USHA.

41. Documents that you contend support your claim that Defendants' conduct was knowing and willful as alleged in the Complaint.

42. Documents that support your claim that Defendants violated the Telephone Consumer Protection Act.

43. Documents that identify any potential class member.

44. Documents that represent or evidence the number of putative class members that may fall within the proposed class.

45. Documents referenced or reviewed in connection with Plaintiff's answers to Defendant's First Set of Interrogatories to Plaintiff that are being served simultaneously herewith.

46. Documents you intend to rely upon to support your request for class certification.

47. Documents that support your contention that the proposed class is capable of being certified, including but not limited to, documents supporting that the classes are numerous enough for certification, have common issues that will predominate over individual issues, have typical issues, and have adequate representation.

48. Documents sufficient to identify your e-mail address(es).

49. Documents sufficient to identify your IP address(es), including the IP address from any laptop, desktop, notebook, cellular telephone, or other mobile device that You use to browse Internet websites.

50. Documents relating to you providing any of your telephone numbers to receive telephone calls or text messages for commercial purposes.

51. Copies of all documents sufficient to identify the internet browsing history for any laptop computer, desktop computer, notebook computer, tablet, cellular telephone, or other mobile device capable of accessing the Internet used by you or anyone who may have accessed any of your devices on those dates.

52. Documents sufficient to identify your internet service provider(s).

53. Documents sufficient to identify your cellular telephone service provider(s).

54. Documents sufficient to identify your residential telephone service provider(s).

55. Documents sufficient to identify your business telephone service provider(s).

56. Document sufficient to identify your VoIP telephone service provider(s).

57. Documents that evidence your location when you received the Telephone Calls.

58. Documents supporting your allegation that USHA authorized someone to place the Telephone Calls to You or any putative class members.

59. Documents relating to or evidencing any relationship between USHA and the person or persons that placed the Telephone Calls to You or any putative class members.

60. Documents that support your contention that USHA is liable in any way for the Telephone Calls to You or any putative class member.

61. Documents supporting Your allegation that the Telephone Calls used a prerecorded or artificial voice.

62. Documents reflecting your interest in and/or consent to receive health insurance quotes or information related to health insurance coverage.

63. Documents showing the browsing history on any device you use or have used during the relevant time period. This request is limited to your browsing history related to health care, health insurance, health insurance quotes, the Affordable Care Act, and any State or Federal health insurance marketplace website.

64. Documents that evidence that any person expressed to you, either verbally or through conduct, that they had authority from USHA to contact you on behalf of USHA.

65. Documents that evidence that any person expressed to you, either verbally or through conduct, that they had authority from USHA to contact you in a way that violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

66. Concerning any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, please produce the following:

a. All documents concerning any facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with this case, regardless of when and how the factual information was acquired;

b. All documents and electronic files concerning the expert's mental impressions and opinions formed or made in connection with this case and any methods used to derive them;

c. All documents, electronic files, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or

for the expert in anticipation of a testifying expert's testimony concerning any issue in this case;

d. The expert's current resume and bibliography;

e. All documents and electronic files containing any factual observations, tests, supporting data, inspections, calculations, photographs, videotapes, reports, and all opinions of such expert relating to any issue in this case;

f. All correspondence between you and/or your counsel and such expert concerning any facts in this case;

g. All advertising, regardless of type of media, published by or on behalf of such expert;

h. Any and all published court opinions that report, criticize or challenge such expert, or report, criticize or challenge the work of such expert; and

i. Any and all publications authored by such expert.

67. Photographs, screenshots, videos, drawings and all other images, however generated, you contend are relevant to any of the Telephone Calls.

68. Photographs, screenshots, videos, drawings and all other images, however generated, you contend are relevant to any issue in this case.

69. Communications, except with your attorney, concerning joining in any lawsuit alleging a violation of the Telephone Consumer Protection Act, or providing information for any lawsuit alleging violation of the Telephone Consumer Protection Act.

70. Your engagement agreement with your attorneys in this case, and all communications related to the negotiation and understanding amongst you and your attorneys of the terms of your attorneys’ engagement.

71. Documents related to any business transactions you conducted with or on behalf of your attorneys or any of their family members.

72. Documents showing all of the purposes for which Plaintiff uses or has used the Subject Numbers.

73. Text messages sent or received to or from the Subject Numbers containing the terms “USHEALTH” , “TCPA” , “Telephone Consumer Protection Act” ; “class action” ; or “health insurance.”

74. Documents sufficient to identify your health insurance provider(s) during the proposed time period.

75. Documents sufficient to identify any instance, from the date that the Subject Numbers were registered on the National Do-Not-Call Registry to the day that you respond to this Request, when you used the Subject Numbers for a business purpose, including but not limited to any advertisement, business card, website, listing, publication, or application (e.g. business license or permit).

76. Records identifying any client or business acquaintance or associate that Plaintiff provided his cellular telephone number to for contacting him for business purposes.

77. Documents showing in any way that you requested not to be called during any of the Telephone Calls.

78. Your cellular telephone GPS data, also known as cell site data, for the Subject Numbers on the dates and times you allege to have received the Telephone Calls, and for any other calls you allege to have received from or on behalf of USHA.

79. Documents showing where you were at the time you received each and every Telephone Call.

80. Documents showing what you were doing at the time you received each and every Telephone Call.

81. Documents showing in any way that you requested not to be called during any of the Telephone Calls.

82. Documents showing proof of payments made for the cellular telephone account linked to the Subject Numbers for the months in which you received the Telephone Calls. Responsive documents may include, but are not limited to, bank statements, credit card statements, and/or cancelled checks. Entire bank statements or credit card statements need not be produced. USHA is seeking only the portions of the documents identifying any of the following information for payments made: the name of the payor; the name of the payee; the payment amount; and the date of the payment.

83. Documents showing reimbursement(s) to you, or any individual or entity, for payments made for the cellular telephone account linked to the Subject Numbers.

84. Documents showing payment of an allowance, stipend, credit, bonus, or benefit for the use of your cellular telephone linked to the Subject Numbers. For example, if your employer gives you a monthly communications allowance or stipend, documents reflecting the allowance or stipend would be responsive.

85. Local, State, or Federal tax filings, filed by you or a business that you are associated with, contracted with, or employed by, claiming a tax deduction for all or part of the payments made for the cellular telephone accounts linked to the Subject Numbers. Entire tax returns need not be produced. USHA is seeking only the portions of the filing(s) identifying the deduction being claimed, and individual or entity claiming the deduction.

86. Documents that prove that the Subject Numbers are residential telephone lines.

87. Documents that prove that Plaintiff is a residential telephone subscriber.

88. Documents that prove that putative class members received calls to their residential telephone lines.

89. Documents that prove that putative class members are residential telephone subscribers.

90. Documents that show the location of each putative class member when they received Telephone Calls.

91. Documents showing Plaintiff's use of the Subject Numbers for a business purpose.

92. Documents showing Plaintiff's use of the Subject Numbers for a residential purpose.

93. Documents reflecting or constituting Plaintiff's telephone number being published in connection with any business purpose.

94. Documents showing to whom Telephone Calls were made, and who made Telephone Calls.

95. Documents that prove that Telephone Calls to Plaintiff and the putative class members constituted "telephone solicitations" under 47 C.F.R. 61.1200(f)(14).

96. Documents showing Plaintiff did not have an established business relationship with USHA.

97. Document showing Plaintiff did not provide prior express invitation or permission to receive Telephone Calls.

98. Documents showing Plaintiff did not provide consent to receive Telephone Calls.

99. Documents showing putative class members did not have an established business relationship with USHA.

100. Document showing putative class members did not provide prior express invitation or permission to receive Telephone Calls.

101. Documents showing putative class members did not provide consent to receive Telephone Calls.

102. Documents related to Plaintiff or putative class members' established business relationship with USHA.

103. Documents related to Plaintiff or putative class members' prior express invitation or permission to receive Telephone Calls.

104. Documents related to Plaintiff or putative class members' provide consent to receive Telephone Calls.

105. Documents identifying the caller for every Telephone Call Plaintiff claims he or a putative class member received.

106. Documents Plaintiff intends to rely upon to prove that USHA conferred actual authority to violate the TCPA to any other person with respect to the Telephone Calls.

107. Documents Plaintiff intends to rely upon to prove that USHA conferred apparent authority to violate the TCPA to any other person with respect to the Telephone Calls.

108. Documents Plaintiff intends to rely upon to prove that USHA ratified the allegedly illegal conduct of any other person with respect to the Telephone Calls.

109. Documents Plaintiff intends to rely upon to prove that any other person with respect to the Telephone Calls was a sub-agent of USHA..

110. Documents that prove USHA does not have a written policy to comply with the national do-not-call rules.

111. Documents that prove You registered the Subject Numbers on the National Do-Not-Call Registry.

112. All Documents referenced in Your Rule 26 Initial Disclosures.

113. All Documents You intend to rely upon at trial in this action.

Dated: October 21, 2020

GREENSPOON MARDER LLP

By: */s/ Roy Taub*

JEFFREY A. BACKMAN
Florida Bar No. 662501
ROY TAUB
Florida Bar No. 116263
GREGG I. STROCK
Florida Bar No. 1010140
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com
gregg.strock@gmlaw.com
lisa.webster@gmlaw.com

*Attorneys for USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21, 2020, a copy of the foregoing was served via e-mail this day to counsel of record identified below.

Andrew J. Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1st Avenue, Suite 705
Miami, FL 33132
(305) 479-2299
ashamis@shamisgentile.com

Scott Edelsberg, Esq.
Edelsberg Law, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
(305) 975-3320
scott@edelsberglaw.com

*/s/ Roy Taub*
ROY TAUB