**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61206-RKA – Altman/Hunt**

ANUEL ST. CLAIR, individually and on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

v.

USHEALTH ADVISORS, LLC,

Defendant.
_________________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES**

In his Opposition to USHEALTH Advisors, LLC's ("USHA") Motion to Compel, Plaintiff Anuel St. Clair asserts new objections for the first time and abandons others, improperly amends discovery responses, and offers clarifications not made during the meet and confer process. The Opposition further emphasizes how evasive and incomplete Plaintiff's discovery responses have been thus far, and fails to excuse or justify Plaintiff's discovery deficiencies.

## I. Plaintiff's Browsing History (ROG 13 and RFP 63)

With respect to the discovery requests regarding Plaintiff's browsing history ***limited to health insurance***, the crux of Plaintiff's argument is that responding would be unduly burdensome. *See* Opp. at 3. But that is the first time Plaintiff makes this objection, and "[r]aising an objection, argument, or concern that specifically and directly relates to the discovery dispute for the first time in a response to a motion to compel is inconsistent with proper discovery practice." *Marquez v. Fed. Express Corp.*, No. 17-14142-CIV, 2017 WL 7798645, at *3 (S.D. Fla. Oct. 26, 2017). *See also* LR 26.1(g)(3)(A). Plaintiff's asserted objections were (1) "vague and ambiguous" use of the term "browsing history"; (2) unlimited time or scope; (3) relevance; (4) confidentiality and HIPPA; and (5) harassment. As these actually asserted objections are mentioned nowhere in the Opposition, they've been abandoned.[1]

Moreover, even if this thirteenth-hour assertion of undue burden were considered, it is insufficient. "Ordinarily, a party arguing undue burden in connection with locating . . . discovery must establish by way of evidence and/or affidavit the time and expense involved in responding to a request." *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-CV-81004, 2010 WL 11505517, at *9 (S.D. Fla. Apr. 13, 2010). "[C]ourts should only limit discovery based on *evidence* of the burden involved." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (emphasis in original). Here, Plaintiff has not provided any support for his assertion of undue burden. Nor could he. Plaintiff and his attorneys can easily review and search his browsing history to identify browsing sessions related to health insurance.

Plaintiff also misunderstands ROG 13 and RFP 63. It is unclear how Plaintiff's own browsing history specific to health insurance could be sought from another source, let alone a more convenient one. If it truly is limited to one visit in December of 2019 to healthcare.gov, as Plaintiff "believe[s]" to be the case—USHA is entitled to know about actual visits formed after a

---

[1] These original objections were also boilerplate and nonspecific, and insufficient in light of Judge Hunt's General Order on Discovery Objections and Procedures. ECF 48.

reasonable investigation, not just what Plaintiff is able to "recall"—then what is so difficult in producing those documents and information? Why should USHA have to subpoena the federal government when Plaintiff can easily produce that browsing history, especially when there are tens of millions of website visitors per year on healthcare.gov, (Ex. A), and when Plaintiff only "believe[s]" he provided contact information? Plaintiff also invokes the concept of consent records, but these requests seek only Internet browsing history, and only as to health insurance. Nothing else. Once Plaintiff provides the requested documentation and information, *then* USHA can send subpoenas to the identified third parties for consent records.

Moreover, there is nothing intrusive about this basic and very limited discovery. Plaintiff's citation to *Moser v. Health Ins. Innovations, Inc.*, No. 17CV1127-WQH(KSC), 2018 WL 6735710 (S.D. Cal. Dec. 21, 2018), is inapt. There, the Court denied a motion to compel a device inspection—not requests for production or interrogatories—for "browsing history and interaction with websites to determine whether plaintiff provided consent to receive phone calls." *Id.* at *4. In fact, the Court specifically permitted an interrogatory and made clear that the defendant was within its rights to "make a Rule 34 request for disclosure" of the browsing history." *Id.* at *6. That is exactly what these discovery requests seek.

## II. Evidence of Non-Residential/Business Use (RFPs 76 and 85)

The Opposition once again abandons the actual asserted objections to the discovery requests regarding Plaintiff's supposed residential subscriber status (or lack thereof) for his telephone, specifically vagueness, over breadth, ambiguousness, time and scope, relevance, proportionality, and confidentiality. Plaintiff does not mention any of them in his Opposition.[2] That is dispositive, and requires granting USHA's Motion to Compel.

Nor, in any event, are Plaintiff's new and untimely arguments meritorious. Plaintiff now says he "has made clear that no such documents exist," and that this new answer "must be taken at face value at this time, given there is nothing suggesting these responses are inaccurate." Opp. at 4. Hardly.

[2] The relevance of this discovery is obvious, as it is Plaintiff's burden to prove he is a residential telephone subscriber. *Hirsch v. USHEALTH Advisors, LLC*, No. 4:18-CV-00245-P, 2020 WL 7186380, at *9 (N.D. Tex. Dec. 7, 2020) ("[Plaintiff] must show not only that his number is residential, but also that each alleged class member's number is residential."). Plaintiff should not be allowed to plead claims as a "residential telephone subscriber" and then withhold any evidence that would prove or disprove that status.

First, Plaintiff did *not* make clear that there were no responsive documents. Even after a lengthy meet and confer followed by a letter requesting that he comply with Rule 34's mandate that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection," he refused to state whether any responsive documents existed and were being withheld. Plaintiff certainly knew how to respond that no responsive documents existed. *See, e.g.*, Mot. Ex. A at RFP Nos. 5, 30, 75, 87. If, as Plaintiff now asserts for the first time, no responsive documents exist in Plaintiff's possession, custody, or control, then USHA should be awarded attorney's fees for having to bring this motion to get that simple answer.

Second, Plaintiff's contention that an unsworn statement in response to a motion to compel must be accepted is not the law and would not make sense here. Plaintiff relies upon *Cabrera v. Gov't Employees Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, at *12 (S.D. Fla. July 3, 2014), but in that case the plaintiff asserted in his discovery responses that there were no responsive documents, which the court credited in the absence of any contrary evidence. In contrast, Plaintiff here interposed boilerplate objections—all of which he now disowns—and repeatedly declined to indicate that there were no responsive documents, until he filed his Opposition. It is also hard to square the objection of overbreadth with the current position that there are no responsive documents. While Plaintiff disclaims having documents responsive to certain requests, he does not claim, for example, that there are no tax returns that would show he took a business deduction for his phone service. *See* Opp. at 4; Mot. Ex. A at RFP 85.

Further, even if Plaintiff had responded in accordance with Rule 34(b)(2)(C) that no responsive documents exist, there ***is*** evidence to the contrary. Plaintiff published his telephone number on at least two websites as his business number for multiple years. *See* Exs. B and C. Is it really inconceivable that he has done the same thing on other occasions or that he has email and text messages that show a similar business use? Plaintiff appears to be playing fast and loose with the facts, and USHA is entitled to discover what is the truth. The suggestion that Plaintiff's complete about face must be credited—first baselessly objecting as to relevance, overbreadth, harassment, and confidentiality, but now saying there are no documents at all (then what was overbroad or harassing?)—is ludicrous. Plaintiff's asserted objections should be

overruled and Plaintiff should be ordered to produce all responsive documents. There should be no more cat and mouse games.[3]

## III. Evidence Related to Receipt of Telephone Calls (Device Inspection and RFP 78)

In the Motion, USHA argued that Plaintiff should be ordered to produce documents evidencing his location at the times of the alleged calls because such documents are relevant to whether Plaintiff can prove that a violation of the statute occurred and whether Plaintiff suffered any harm. Mot. at 3-4. Plaintiff does not dispute this and has implicitly conceded the point by failing to respond. *See GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 (S.D. Fla. 2017).

USHA also requested an inspection of Plaintiff's electronic devices to gather evidence on a number of important issues in this case, including consent and whether Plaintiff actually received ringless voicemails, not telephone calls, and whether he even received them on his cellular telephone as he alleged (the documents produced suggest he did not). As highlighted in the Motion, Plaintiff ***never*** served any objection to the device inspection. That is reason alone to grant the Motion, *Catano v. Capuano*, No. 18-20223-CIV, 2019 WL 10856760, *1 (S.D. Fla. Feb. 5, 2019), and Plaintiff did not even attempt to rebut this argument or excuse his neglect and failure to object.

Amazingly, hoping to avoid that fatal failure, Plaintiff says this inspection is not necessary because consent and standing are "not important to resolving any key issues" in the case. Opp. at 4. He also says that he is not required to establish that his phone actually rang. *Id.* But whether Plaintiff's phone rang is a central issue to Plaintiff's standing and credibility. Judge Altman acknowledged this at the December 10, 2020 Status Conference when he said an inspection would be appropriate if Plaintiff could not provide proof of a missed call. If Plaintiff did not hear a ring, and learned of a potentially violative call or message only when he checked his voicemail messages, he may lack Article III standing. *See Grigorian v. FCA US LLC*, No.

[3] The response also includes an irrelevant merits discussion about a misstated presumption of residential status for DNC registrants. Regardless, any such presumption is rebuttable, *see Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020), and RFPs 76 and 85 are indisputably relevant to that issue. Plaintiff does not even try to rebut USHA's contention in the Motion that claiming telephone payments as a business expense on his tax returns would derail Plaintiff's DNC claim. *See Mattson v. Quicken Loans Inc.*, No. 3:18-CV-00989-YY, 2019 WL 7630856, *5 (D. Or. Nov. 7, 2019) (granting summary judgment for defendant on DNC claim where plaintiff deducted cost of cell phone as a business expense).

19-15026, 2020 WL 7238392, at *2 (11th Cir. Dec. 9, 2020).[4] Moreover, the absence of a missed call would imply that no telephone call was *initiated*, a fact that would defeat Plaintiff's claims.[5] Moreover, Plaintiff has repeatedly stated that he heard his phone ring for each of the telephone calls at issue. *See* Mot. Exs. C and D. If the objective information is to the contrary, including data on his cellular telephone, that would bear on his credibility as well as his adequacy and typicality as a class representative. *Moser*, 2018 WL 6735710, at *15-16 (credibility is a relevant inquiry in discovery). *See Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2013 WL 12304563, *3 (S.D. Fla. Sept. 20, 2013) (compelling inspection of electronic devices).[6]

## IV. Incomplete and Evasive Interrogatory Responses (ROGs 7, 8, 10, and 11)

In response to this section, Plaintiff abandoned any theory of vicarious liability. Why didn't he make that clear in his discovery responses? *Or* his amended discovery responses? *Or* during the meet and confer? *Or* in response to the follow up meet and confer letter? Plaintiff's refusal to comply with simple discovery rules clearly "necessitated [this] [M]otion." Fed. R. Civ. P. 37(a)(5)(a). Plaintiff's abandonment of any theory of vicarious liability also does nothing to address the incomplete and evasive responses to ROG Nos. 10, and 11, so the Motion should be granted with respect to those ROGs.

## V. USHA Should be Awarded its Fees

Plaintiff's discovery conduct thus far justifies an award of reasonable expenses, including attorney's fees, under Rule 37(a)(5)(A). Plaintiff has ignored the Court's rules, and his conduct is a perfect example of what not to do in discovery.

## VI. Conclusion

For the foregoing reasons, and those set forth in the Motion, USHA requests that the Court grant its Motion and award USHA its attorneys' fees incurred in making the Motion.

---

[4] This is also an important class issue. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019); *Legg v. PTZ Insurance Agency, Ltd.*, 321 F.R.D. 572, 577 (N.D. Ill. 2017) (finding individualized questions of class members' injuries predominated over common issues).

[5] As noted in the Motion, Plaintiff's counsel has represented that there is objective proof of a missed call. Judge Altman ordered that proof to be produced, but it has not been. Every phone record and screenshot produced thus far show only voicemails, not missed calls.

[6] Although not expressly relied upon by Plaintiff in connection with the inspection, *Moser* would not support him on that issue either. The *Moser* court found the device inspection to be unnecessary only because the plaintiff had provided evidence that the defendant could locate any relevant "call information and purported consents" using its own records. 2018 WL 6735710, at *6. No such evidence exists in this case—USHA has no record of any call to Plaintiff.

Dated: January 4, 2021

Respectfully submitted,

By: */s/ Gregg I. Strock*
JEFFREY A. BACKMAN
Florida Bar No. 662501
ROY TAUB
Florida Bar No. 116263
GREGG I. STROCK
Florida Bar No. 1010140
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 491-1120
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com
gregg.strock@gmlaw.com
marie.kusek@gmlaw.com

*Attorneys for Defendant*
*USHEALTH Advisors, LLC*